Milner v. Ramsey, Adm'r.

---

## MILNER *vs.* RAMSEY, Adm'r.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Material defendant, who is not; where bill must be filed to enforce lien on land.* Where a bill is filed to set up and enforce the vendor's lien on lands for the payment of the purchase-money, a mere tenant or agent in possession of the land, claiming and having no title or interest in the land, and not charged with any fraud, is not a material defendant.

2. *Same.*—A bill thus filed against the purchaser of land, who is a resident and freeholder of another county of the State than that in which the lands lie, and where the bill is filed, and against a mere tenant residing on the land, will be dismissed without prejudice. In such a case, the bill should be filed in the chancery court of the district in which the purchaser resides.

APPEAL from the Chancery Court of Marshall. Heard before Hon. WM. SKINNER.

The bill in this case was filed by the appellee, Lovic P. Ramsey, as the administrator of B. B. Ramsey, deceased, against the appellants, Henry Milner and William Milner, to set up and enforce a vendor's lien on certain lands lying and being in the county of Marshall. It states, in substance, that complainant's intestate, B. B. Ramsey, on the 9th day of December, 1858, bargained, sold and conveyed the lands to defendant Henry Milner; that for a portion of the purchase-money, two thousand dollars, Henry Milner gave his bond, bearing date the same day, and payable to said deceased on the first day of February, 1860, went into possession of said lands, and from that time to the filing of said bill, by himself and tenants, continued in the possession thereof; that defendant William Milner, at the filing of the bill, was in the possession of the lands, holding and claiming the same as the tenant of said Henry Milner. The prayer of the bill is, that complainant may be declared to have a lien on said land for the payment of said bond; that defendant Henry Milner may be required to pay said bond, and in default of payment, that said lands be sold to pay the same; and for such other and further relief as might seem meet and proper, and the facts of the case might require. No relief is prayed against the defendant William Milner.

Both defendants answered; the defendant William Milner stating, in substance, that he is residing on lands in Marshall county, which he believes are owned by his father, Henry Milner; but that he has no interest, right or title to the same, and no pecuniary interest in said suit, more than any other child of his father, so far as he is aware. He also demurs to the bill, and, among other causes, sets down that it does not appear by said bill that he had any interest in the matters and things alleged in said bill, or ought to be a party thereto.

Defendant Henry Milner admits the purchase of said

JUNE TERM, 1872. 289

lands of deceased; that he made the said bond for part of the consideration of the purchase of said lands, and that his son, *as his agent*, is in possession of a part of said lands; and, in his answer, pleads to the jurisdiction of the court, because, he says, that at the time said bill of complaint was filed, and at the time the process of subpœna was served on him, and at the time of filing his answer, he was a resident in the county of Wilcox in this State, in which county the process issued was served upon him, and a freeholder of this State, and was not a resident of said county of Marshall, either when said bill was filed, or when the process was served on him, nor was he then a resident of said county of Marshall; and that said William Milner had no interest in the subject-matter of said suit.

The complainant, by his counsel, made the following admissions in writing, to-wit: "In this cause, complainant admits that defendant Henry Milner resided, at the time of suit brought and service of subpœna on him, in the county of Wilcox and State of Alabama, and was a freeholder in said State; also agrees that the several statements in the answer of said Henry Milner shall be received with the same force and effect, as if they had been made by him in a deposition properly taken, subject to the exceptions only which said Milner's deposition would be obnoxious to, if taken."

The cause was submitted for a final decree, on the pleadings and proof, and by consent of the parties held under advisement for decree in vacation. The chancellor decreed that complainant, as the administrator of said B. B. Ramsey, deceased, had a lien on said lands for the payment of the said bond of defendant Henry Milner, and unless he paid the same within sixty days from the date of said decree the said lands should be sold, &c.

The decree takes no notice of the demurrer of defendant William Milner, nor of the plea of the defendant Henry Milner.

WYETH & BOYD, and GOLDTHWAITE & SEMPLE, for appellants.

WALKER & BRICKELL, *contra.*

PECK, C. J.—The statements in the bill do not show that William Milner was a material defendant. No relief was prayed, and no decree rendered against him; and the proof, the written admissions of the complainant, and the statements in the answer of defendant Henry Milner, which by said admissions are made evidence, clearly show that he had no interest in the subject-matter of the suit; that he was in the possession of said lands, as the agent of said defendant Henry Milner. A person who has no interest in the suit, and against whom, if brought to a hearing, no decree could be rendered, as, for example, an agent not charged with fraud, should not be made a party defendant to a bill.—Story's Eq. Pl. § 231; Eq. Jurisp. § 1499. As it was admitted that the defendant Henry Milner was a resident of the county of Wilcox, and not of the county of Marshall, the bill was improperly filed in that county; therefore, the plea of defendant Henry Milner should have been sustained, and the complainant's bill dismissed. By section 3326 of the Revised Code, a bill must be filed in the chancery court of the district in which the defendants, *or a material defendant, resides*, unless all the defendants reside out of the State.—*Johnson v. Shaw*, 31 Ala. 592.

In the case of *Lewis v. Elrod*, (38 Ala. 17,) it is decided that a material defendant is one *who is really interested in the suit, and against whom a decree is sought*. For these reasons, and on these authorities, the decree of the chancellor must be reversed; and this court, proceeding to render such decree as should have been rendered by the court below: It is ordered, adjudged and decreed, that the complainant's bill of complaint be, and the same is, hereby dismissed, but without prejudice. It is further ordered, adjudged and decreed, that the appellee pay the costs in this court and in the court below.