34 So.2d 832

### WILDER v. CROOK et al.
### 3 Div. 488.

Supreme Court of Alabama.
April 15, 1948.

Leon G. Brooks, of Brewton, for appellees.

Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellant.

STAKELY, Justice.

The City of Atmore is a municipal corporation and is located in Escambia County, Alabama. L. F. Wilder (appellant), a resident of Jefferson County, Alabama, filed this bill for a declaratory judgment in the Circuit Court of Montgomery County, in Equity, against the City of Atmore, the six members of the City Council of Atmore, all of whom reside in Escambia County, and R. L. Kenan, who resides in Montgomery County. The court sustained the demurrer to the bill and dismissed it without prejudice. This appeal is from that decree.

On July 16, 1946, L. F. Wilder entered into a contract with the City of Atmore to make certain installations in connection with the water system of the City of Atmore. The respondent R. L. Kenan at the time of the contract was employed by the City of Atmore as the engineer to supervise the work. The contract contains various provisions with reference to the function of the engineer under the contract. The following provision, however, is sufficient for this discussion.

426

"6.01. Authority of Engineer—The work shall be done under the supervision of the Engineer. The Engineer shall decide any and all questions which may arise as to the quality or acceptability of materials furnished and work performed and to the manner of performance and rate of progress of the work, and shall decide all questions which may arise as to the interpretation of the Plans and Specifications, and all questions as to acceptable fulfillment of the Contract on the part of the Contractor."

The bill alleges in substance that R. L. Kenan is wrongfully and improperly interpreting the terms of the contract and has wrongfully and improperly stopped the complainant from finishing his contract as of and in the manner provided in the contract and is wrongfully and improperly advising the city and the individual members of the council that the contract requires complainant to make certain installations not contemplated by the contract and the city and the members of the council are acting and relying upon R. L. Kenan in the incorrect position they have taken. The prayer of the bill is for an interpretation of the contract in accordance with the construction placed thereon by complainant and not by R. L. Kenan and for other relief, including a determination that complainant is not subject to the imposition of liquidated damages for delay, but is entitled to have the amount due complainant under the contract ascertained and decreed.

█ Under § 294, Title 7, Code of 1940, the bill in equity in the present case must be filed in the county in which a material defendant resides. Since we do not consider that R. L. Kenan is a material defendant, the bill was improperly filed in Montgomery County. Having reached this conclusion we have not found it necessary to consider whether The City of Atmore, a municipal corporation, could be sued outside of Escambia County where it is located.

In the case of First National Bank of Birmingham v. Johnson et al., 227 Ala. 40, 148 So. 745, 746, the court said:

"It has often been held that, in order to fix the venue by the residence of a material party defendant, he must have been really interested in the suit, and that a decree against him is sought, so that his interest is in a sense antagonistic to that of complainant; in other words, a necessary rather than a merely proper party. * * *"

See also Lewis v. Elrod, 38 Ala. 17; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Gay, Hardie & Co. v. Brierfield, Coal & Iron Co., 106 Ala. 615, 17 So. 618; Puckett v. Puckett, 174 Ala. 315, 56 So. 585; Ex parte Fairfield-American Nat. Bank, 223 Ala. 252, 135 So. 447.

In the case of Barlowe v. Employers Ins. Co. of Alabama et al., 237 Ala. 665, 668, 188 So. 896, 898, in holding that a bill for declaratory judgment and relief, including a mandatory injunction, against the Alabama State Highway Commission as individuals, was without equity, the court said:

"It is not insisted that Scott, Herzberg and Burnum, as individuals, acting under color of office or otherwise, had committed any wrongful act, involving a tort on the rights of the complainant, or that they breached any contract with the complainant, or that they personally assumed any duty or obligation arising out of the employment of the complainant by the Alabama State Highway Commission, which they have breached."

█ If R. L. Kenan is not a material defendant and this defect is apparent from the face of the bill, such defect is available on demurrer. Kyser v. American Surety Co. of New York, 213 Ala. 614, 105 So. 689. What then are the tests by which the materiality of R. L. Kenan as a defendant should be determined in the light of the foregoing authorities? A decree must be sought against him either because (1) he has breached the contract made by the complainant, or (2) he has committed a tort on the rights of complainant or (3) he has personally assumed a duty or obligation arising out of the employment of complainant which he has breached.

█ It is insisted that R. L. Kenan has personally assumed a duty or obligation under the contract and has breached that duty or obligation by wrongfully giving improper advice. This presents a novel situa-

tion. By the terms of the contract R. L. Kenan was placed in a position somewhat analogous to that of an umpire or arbitrator. His decisions were accordingly judicial in nature. Under the circumstances the authorities appear to hold that he could not be held liable in damages for failure to exercise care or skill in the performance of his functions. The same principle seems to apply even where the decision is the result of fraud or corruption. 6 C.J.S., Arbitration and Award, § '53. See Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L.R.A.,N.S., 164 Ann.Cas.1914C, 1155. If he had actually acted as an arbitrator and a bill had been filed to enforce or set aside an award, he would not have been a necessary party. Story, Equity Pleading, § 231, p. 225.

R. L. Kenan did not breach the contract. He was not even a party to it. And if he be considered as an agent of the city, there is no charge of fraud.

"A person who has no interest in the suit and against whom, if brought to a hearing, no decree could be rendered, as for example, an agent not charged with fraud, should not be made a party defendant to a bill." Milner v. Ramsey, Adm'r, 48 Ala. 287.

Why then must R. L. Kenan be before the court as a party defendant? What decree can be rendered against him? It is not sufficient that he be brought in on some collateral issue. First Nat. Bank of Birmingham v. Johnson, 227 Ala. 40, 148 So. 745. Ordinarily the construction of the written contract would be the province of the equity court. If the equity court is to construe the contract and make certain directions in connection therewith, it does not need R. L. Kenan before it as a party to the cause, because the directions would be to L. F. Wilder and The City of Atmore. If his interpretation must be accepted because of the provisions of the contract— and we do not mean to intimate that we have any opinion at this time on this question—then any rulings that he may have made can be presented to the equity court as any other evidence. Just because he may be a witness does not make R. L. Kenan a material defendant.

The action of the court in sustaining the demurrer and dismissing the bill without prejudice was correct.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.