507 So.2d 471 (1987)
Ex parte CITY OF BIRMINGHAM.
(In Re BLOUNT COUNTY, et al. v. CITY OF BIRMINGHAM).
86-2.
Supreme Court of Alabama.
April 10, 1987.
*472 James K. Baker, City Atty., City of Birmingham and David J. Vann of Carlton, Vann & Stichweh, Birmingham, for petitioner.
B.J. McPherson, Oneonta, for respondent.
ALMON, Justice.
The City of Birmingham petitions this Court for a writ of mandamus ordering Circuit Judge H.E. Holladay of the 30th Judicial Circuit (Blount County) to enter an order transferring the case below to the Circuit Court for the 10th Judicial Circuit (Jefferson County). The underlying action is a suit brought by Blount County, the members of the Blount County Commission, and Bobby Hudson, a resident taxpayer of Blount County, seeking a judgment declaring invalid certain ordinances by which the City of Birmingham purports to have annexed certain property in Blount County. The trial court denied the city's motion to dismiss or for change of venue, whereupon the city filed this petition.
We find a scarcity of authority in this state on venue of suits against municipalities. In Wilder v. Crook, 250 Ala. 424, 34 So.2d 832 (1948), an action was brought in Montgomery County against the City of Atmore, its city council, and a Montgomery resident. This Court held that venue was improper because the Montgomery resident was not a material defendant and therefore found it unnecessary "to consider whether The City of Atmore, a municipal corporation, could be sued outside of Escambia County where it is located." Id., 250 Ala. at 426, 34 So.2d at 834. We have found no subsequent cases squarely holding that venue is proper as to a city outside of the county where it is located.
In City of Dothan v. Dale County Commission, 295 Ala. 131, 324 So.2d 772 (1975), an action was brought in Dale County against the City of Dothan, which is in Houston County, to prohibit an annexation election by which Dothan proposed to annex property in Dale County. The appeal by the City of Dothan did not present any issue regarding venue. In the earlier case of Ex parte Dothan-Houston County Airport Authority, 282 Ala. 316, 211 So.2d 451 (1968), this Court held that the Airport Authority had waived any objection to venue by filing a demurrer not based solely on the matter of jurisdiction of the person, which constituted a general appearance.
In Mead Corp. v. City of Birmingham, 295 Ala. 14, 321 So.2d 655 (1975), the City of Birmingham had called an election to annex land within the jurisdiction of the Bessemer Division of the Jefferson County Circuit Court. When the Mead Corporation brought an action in the Bessemer Division to challenge the annexation, the city filed a motion to transfer the case to the Birmingham Division. This Court granted a writ of mandamus ordering the Bessemer circuit judge to grant that motion. The Court stated:
"In this case we are of the opinion that the cause of action accrued or arose in *473 the Birmingham Division. The subject matter of the suit does not involve title to land. On the contrary, the subject matter is an election having its situs in Birmingham. The Probate Judge ordered the election held in Birmingham, the ballots were canvassed in Birmingham, and the results were made known there. Thus, all of the facts giving rise to the suit occurred in Birmingham. The suit, therefore, should be heard in Birmingham, and the trial judge erred when he denied the motion to transfer."
Id., 295 Ala. at 15, 321 So.2d at 656.
The Birmingham/Bessemer question present in Mead is unique, however, because the allocation of cases to the Bessemer Division of the Jefferson County Circuit Court is statutorily limited and has been held to include only cases in which the cause of action arises there. See, e.g., Glenn v. Wilson, 455 So.2d 2 (Ala.1984), involving a sale for division of land in the Bessemer Division, and Ex parte Southern Building Code Congress, 282 Ala. 523, 213 So.2d 365 (1968). Thus, although Mead states that the "subject matter" of a suit contesting an annexation election "does not involve title to land," its holding is only that, in the limited context of whether a case belongs in the Bessemer Division or the Birmingham Division, the cause of action in such a suit "arises" where the election is declared and held and its results canvassed and made known. Mead does not necessarily resolve the question of whether an annexation makes venue proper in the circuit where the land is located.
Venue generally turns either upon the question of where a material defendant resides or upon the question of where the cause of action arose. Either question may apply in the class of cases denominated transitory actions; only the latter usually applies in cases denominated local actions. A local action is one which could only have arisen in the particular locality where it did arise, for example, where the subject matter is real estate. A transitory action is one which could have arisen anywhere, such as an action on a contract. These rules arise from the common law and apply except where changed by statute. At common law a defendant could be sued in a transitory action anywhere he could be served; the rule establishing venue at the place of his residence is a statutory modification. See, e.g., 77 Am.Jur.2d Venue §§ 2, 10, and 20 (1975).
Statutory provisions regarding venue in Alabama are found in Code 1975, §§ 6-3-1 through -22. See also Rules 82 and 12(b)(3), A.R.Civ.P., and Art. IV, § 75, Const. of 1901. Section 6-3-2 and Rule 82(b) contain provisions regarding venue of actions against individuals. Section 6-3-7 provides for venue of actions against corporations, stating in part that "a domestic corporation may be sued in any county in which it does business by agent." The City of Birmingham is a public corporation, not a private one, and we question whether the legislature intended for this statute to apply to municipal corporations, which are subdivisions of the State. In a well-reasoned and often-cited opinion holding that such a general statute governing venue against corporations did not apply to public corporations, the Court of Appeals of Maryland stated:
"The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the state to its municipal corporations, upon the ground that, if they are to be subjected to suit in any and every part of the state, such suits must inevitably hinder and delay the successful conduct of the functions of government."
Phillips v. Mayor of Baltimore, 110 Md. 431, 438, 72 A. 902, 905 (1909).
We agree with this reasoning. Assuming that a municipal corporation may be said to do business by agent, a rule allowing suit against such a public body in any county in which it might be found to be doing, or to have done, business would subject its officers and agents to impermissible constraints on their performance of their public duties. This situation is different in principle from that applying to private corporations, which may establish offices and places of business in any and every county in the state. Therefore, we *474 hold that § 6-3-7 does not apply to municipal corporations.
It remains to be seen whether any other ground exists for laying venue in Blount County. We address some general principles before turning to a consideration of § 6-3-2 and Rule 82(b).
It was early held in this state that a suit against a county must be brought in that county. Cullman County v. Blount County, 160 Ala. 319, 49 So. 315 (1909). This Court questioned the Cullman County result, however, in Ex parte City of Huntsville Hospital Board, 366 So.2d 684 (Ala.1978). The Court noted that Code 1975, § 11-1-2, was in effect as § 123 of the Code of 1907 when Cullman County was decided, and that section provided:
"Every county is a body corporate, with power to sue or be sued in any court of record."
We held in the Huntsville Hospital Board case that this statute establishes jurisdiction over a county in another county and we decided the venue question on the basis of § 6-3-3, which provides that actions for work and labor done may be brought in the county where the work was done, without an exception for actions against counties. By relying on a specific venue statute, this rationale at least conceivably leaves open the question of venue against counties generally.
We note that there is no statute analogous to § 11-1-2 expressly stating that municipal corporations (i.e., cities and townssee § 11-40-6) have power to sue and be sued in any court of record. Cf. § 11-40-1.
Agencies and officers of the state must be sued in the county of their official residence absent specific statutory authority to the contrary or waiver of objection to venue. Hardin v. Fullilove Excavating Co., 353 So.2d 779 (Ala.1977); Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974); Tri-State Corp. v. State, 272 Ala. 41, 128 So.2d 505 (1961). This rule is adhered to even where the case arguably is one involving real estate in another county. Tri-State Corp., supra; Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408 (Ala.1977): "Moreover, the allegations in this case pertaining to the location of real estate in Jefferson County, while they may resolve a venue question in an ordinary case, do not control a case such as this where the action is one against a state agency."
We conclude that, to the extent that the cases regarding counties and state agencies and officers are analogous, they support the proposition that venue of suits against a governmental entity is at the situs of the entity unless a specific provision to the contrary applies.
The general authorities on the subject state that actions against municipalities are local actions and must be brought in the county where the municipal corporation is located. 17 McQuillin, Municipal Corporations § 49.15 (3d ed. 1982); 64 C.J.S. Municipal Corporations § 2203 (1950); annot., 93 A.L.R. 500 (1934).
On the basis of the above authorities, we hold that an action against a municipal corporation is a local action for which venue generally lies in the county which is the situs of the municipal corporation. There is authority that general venue provisions as to individuals apply to municipal corporations, see annot., 93 A.L.R. 500 (1934), but we need not address whether § 6-3-2 and Rule 82(b) might apply in a proper case, because none of their provisions would make venue proper outside of Jefferson County in this case. This is not a case in which "the subject matter of the action is real estate ... or [an action] for recovery or the possession thereof or trespass thereto," as described in Rule 82(b)(1)(B), A.R.Civ.P.; it is a suit to have a municipal ordinance declared invalid. Analogously to the allegations in Alabama Youth Services Board v. Ellis, supra, "the allegations in this case pertaining to the location of real estate in [Blount] County, while they may resolve a venue question in an ordinary case, do not control a case such as this where the action is one against a [municipality]." Furthermore, because the act of adopting the ordinances took place in Jefferson County and because there are no *475 material defendants in Blount County, § 6-3-2 and Rule 82(b), even if they might be applicable in a proper case, provide no ground on which to base venue in Blount County.
Respondents argue that Birmingham, by adopting ordinances annexing land in Blount County, has extended itself into Blount County and so has made venue proper there. This argument fails to address the question of whether a municipality can be sued outside of the county where its seat of government is located. The general rule is that where a city occupies territory in two or more counties, it is subject to suit only in the county where the seat of government is located. Willis v. City of Corbin, 572 S.W.2d 610 (Ky.Ct. App.1978); Oklahoma City v. District Court, 429 P.2d 791 (Okla.1967); City of Grand Prairie v. State ex rel. Crouch, 266 S.W.2d 184 (Tex.Civ.App.1954); Arlington v. Calhoun, 148 Ga. 132, 95 S.E. 991 (1918); Fostoria v. Fox, 60 Ohio St. 340, 54 N.E. 370 (1899); 17 McQuillin, Municipal Corporations § 49.15 (3d ed. 1982); annot., 93 A.L.R. 500 (1934). For the reasons stated in these authorities, we adopt the rule as stated. We note particularly that Willis v. City of Corbin and City of Grand Prairie regard annexation elections or ordinances and are in accord in several respects with the holding we reach in this case.
For the foregoing reasons, we hold that the trial court erred in denying the motion for change of venue. The writ of mandamus is therefore due to be, and it is hereby, granted.
WRIT GRANTED.
MADDOX, SHORES, ADAMS and BEATTY, JJ., concur.
TORBERT, C.J., concurs specially with opinion.
HOUSTON, J., dissents with opinion in which JONES and STEAGALL, JJ., concur.
TORBERT, Chief Justice (concurring specially).
I agree that under these facts venue is proper only in Jefferson County. In order for venue to be proper in Blount County, the "subject matter" of the action would have had to be real property. Code 1975, § 6-3-2, A.R.Civ.P. 82(b)(1)(B). "Subject matter," as used in the statute, has been defined as "the nature of the cause of action and of the relief sought." First Federal Savings & Loan Ass'n v. Haley, 377 So.2d 1082, 1084 (Ala.Civ.App.1979); Clark v. Sanders, 267 Ala. 674, 103 So.2d 370 (1958). Plaintiffs filed suit questioning the validity of the ordinances that annexed territory in Blount County and the constitutionality of the statute authorizing such annexations. Under these circumstances, the cause of action more closely relates to the validity of the ordinances and the statute than to real estate. In addition, the relief sought is a declaration that the ordinances are invalid and the statute unconstitutional. Therefore, the "subject matter" is the ordinances and the statute and not real estate, and venue is controlled by Code 1975, § 6-3-2 and A.R.Civ.P. 82(b)(1)(A).
Having reached that conclusion, I agree that the weight of authority holds that the situs of the municipality is where the seat of government is, notwithstanding the fact that the city is located in more than one county. See Willis v. City of Corbin, 572 S.W.2d 610 (Ky.Ct.App.1978), and other authorities cited in the majority opinion.
I note that this opinion should not be construed to hold that a municipality can never be sued in any county other than where its seat of government is located. See Oklahoma City v. District Court, 429 P.2d 791 (Okla.1967).
HOUSTON, Justice (dissenting):
The majority opinion acknowledges that there is authority that general venue provisions as to individuals apply to municipal corporations, annot., 93 A.L.R. 500 (1934). It then seeks support for its position that the venue rule (Rule 82(b)(1)(B) "against resident individuals" does not apply by analogizing this case to Alabama Youth *476 Services Board v. Ellis, 350 So.2d 405, 408 (Ala.1977), and substituting the word "municipality" for "state agency." The exact quote from Alabama Youth Services Board is "Moreover, the allegations in this case pertaining to the location of real estate in Jefferson County, while they may resolve a venue question in an ordinary case, do not control a case such as this where the action is one against a state agency." (Emphasis added.) The general venue provisions as to individuals do not apply to state agencies. See, Alabama Youth Services Board v. Ellis, supra.
Therefore, since general venue provisions as to individuals apply to municipal corporations, to me, the question becomes this: Is the subject matter of an action attacking a municipal ordinance, which purports to annex real estate into the city limits of a municipality, real estate? The subject matter does not have to be exclusively real estate, but is the subject matter, to any material extent, real estate? Rule 82(b)(1)(B).
Since I would answer these questions in the affirmative, and since Rule 82(b)(1), Ala.R.Civ.P., provides that "Actions against an individual [which would apply to municipal corporations].... (B) Must, if the subject matter of the action is real estate, whether or not exclusively, ... be brought in the county where the real estate... is situated," I believe that Blount County was the proper venue for an action seeking to declare invalid a municipal ordinance which purported to annex real estate in Blount County into a municipal corporation. I would deny the writ.
JONES and STEAGALL, JJ., concur.