Cecil Neely sued the State of Alabama; Charley Grimsley, as commissioner of the Department of Conservation and Natural Resources; and others, in the Circuit Court of Madison County, alleging that the state, without any condemnation proceedings, had seized certain real property he owned, located in Jackson and Madison Counties, for the purpose of building a road dedicated to public use. On the motion of the state, the court transferred the case to the Circuit Court of Montgomery County. Neely petitions for a writ of mandamus ordering Circuit Judge Lynwood Smith of the Madison Circuit Court "to set aside his order of transfer and reinstate the action to be tried in the Circuit Court of Madison County."
Neely argues that venue is proper in Madison County because of Ala. Code 1975, § 6-3-2, which provides:
 "(b) In proceedings of an equitable nature against individuals:
 "(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated."
Neely's argument would be applicable in a case where the defendant was an individual being sued as an individual; however, where an officer of the state is a defendant, as in this case, or where an agency of the state is a defendant, venue is proper only in Montgomery County, "absent specific statutory authority to the contrary or waiver of objection to venue" and "even where the case arguably is one involving real estate in another county." Ex parte City of Birmingham,507 So.2d 471, 474 (Ala. 1987);[1] see, also, Alabama Youth ServicesBoard v. Ellis, 350 So.2d 405 (Ala. 1977).
Section 6-3-2, which applies only to equitable actions against individuals, not to equitable actions against state agencies, is not "specific statutory authority" contrary to the rule stated in Ex parte City of Birmingham.
Neely also maintains that he designated this case as an inverse condemnation case and that therefore Ala. Code 1975, § 18-1A-71, a part of the Alabama Eminent Domain Code, should apply. According to Neely: "It stands to reason that an inverse condemnation action, in which the merits of the case are no different than if the State had commenced the action [where venue would be proper in the county in which the property or any part thereof sought to be taken is located, § 18-1A-71], should be determined in the same county."
As this Court recognized in Jefferson County v. SouthernNatural Gas Co., 621 So.2d 1282 (Ala. 1993), citing UnitedStates v. Clarke, 445 U.S. 253, 100 S.Ct. 1127, *Page 947 63 L.Ed.2d 373 (1980), there are distinct differences between formal condemnation proceedings and inverse condemnation proceedings. Furthermore, the Alabama Eminent Domain Code, passed by the legislature in 1985, did not include a venue provision for inverse condemnation actions. In fact, the commentary to § 18-1A-2 stated:
 "This AEDC does not purport to supply rules for inverse condemnation actions (except as provided in section 18-1A-32). The extent to which its provisions may be applicable in inverse condemnation actions is intended to be determined by judicial construction in the light of other applicable state law."
Based on the foregoing and on public policy considerations directed toward preventing inconvenience, hindrance, and delay to the successful conduct of the functions of state government, see Ex parte Alabama Power Co., 640 So.2d 921 (Ala. 1994); Exparte City of Birmingham, supra, we hold that, absent statutory authority to the contrary, the proper venue for inverse condemnation actions against a state agency or a state officer should be the same as the proper venue for any other action against a state agency or state officer — that is, absent statutory authority to the contrary, venue for inverse condemnation actions against a state agency or a state officer should be in the county of the official residence of the agency or officer.
Montgomery County was the proper venue. The writ is denied.
WRIT DENIED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.
[1] Although the author of this opinion dissented in Ex parte Cityof Birmingham, his dissent in that case is not inconsistent with the resolution of the issue presented in this petition.