The majority holds "that the joint-defendant venue principle as . . . expressed in Rule 82(c) constitutes [an] exception to the rule laying venue of actions against state officials and agencies in the county of official residence." 677 So.2d at 1166. I must respectfully dissent.
In Ex parte Neely, 653 So.2d 945, 947 (Ala. 1995), this Court held that, "absent specific statutory authority to the contrary or waiver of objection to venue," the proper venue of an action against a State officer or a State agency is the county of the official residence of the State agency or State officer. InNeely, this Court expressed the public policy considerations behind this rule as being "directed toward preventing inconvenience, hindrance, and delay to the successful conduct of the functions of state government." Id. The trial court in the present case granted the defendants' motion to transfer the action to Lee County, based *Page 1167 
solely on this Court's Neely opinion; I believe that the trial correctly relied on Neely.
The petitioners argue that the trial court's reliance onNeely is misplaced and that Rule 82(c), Ala.R.Civ.P., which states that venue is proper against all claims if one of the claims is properly brought in a proper venue, is "specific statutory authority to the contrary." They further argue that the defendant Martin was sued in his individual capacity for fraud, and that the fraud complained of occurred in Covington County; they say, therefore, that § 6-3-2(a)(3), Ala. Code 1975, allows them to sue in Covington County, where the alleged tortious act occurred.*** The petitioners argue that because venue is proper in Covington County on the fraud claim against Martin, in his individual capacity, venue is, therefore, proper in Covington County for all of their claims, citing Rule 82(c), Ala.R.Civ.P. They further contend that Rule 82(c) applies to a State agency or State officer, because Rule 1(a), which relates to the scope of the Alabama Rules of Civil Procedure, states that the Rules shall apply to "those [civil actions] in which the State of Alabama or a political subdivision thereof is a party." Rule 1(a), Ala.R.Civ.P.
The majority agrees with the petitioners, but attempts to circumvent the clear mandate of Neely by holding that the "joint-defendant exception" to Neely is expressed elsewhere, not exclusively in Rule 82(c). Based on my review of the relevant statutes, I do not find "specific statutory authority" supporting this new principle that the Court today adopts, and the Court does not cite any; such authority is required by theNeely decision. The Court, therefore, modifies or overrules the previous holdings in which it has stated that the proper venue for an action against a State agency or officer must be in the county of that agency or officer's official residence, regardless of the fact that the alleged injury did not occur there.
That the Court has departed from past precedent is demonstrated by the fact that it has adopted the petitioners' argument on the issue. As I understand their argument, they say that this Court, when adopting the Rules of Civil Procedure, intended to make the State and its agencies subject to all the Rules of Civil Procedure, including the venue provisions found in Rule 82(c).
This Court has absolutely no power to establish venue, either by Court rule or Court decision; and to ground its holding in this case upon an interpretation of Rule 82, in my opinion, establishes a dangerous precedent. The Alabama Rules of Civil Procedure are procedural rules and were adopted solely for the purpose of ensuring efficiency and uniformity in litigation.† No rule of procedure and no decision of this Court can abridge, enlarge, or modify any substantive right of a party. That principle is clear from a reading of both the Constitution of Alabama and the applicable statutes. Amendment 328, Constitution of Alabama, 1901, § 6.11, states: *Page 1168 
 "The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application."
(Emphasis added.) Section 12-2-7, Ala. Code 1975, provides:
"The Supreme Court shall have authority:
 "(4) To make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge, or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided further, that the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate."
(Emphasis added.) It is clear from a reading of these constitutional and statutory provisions that the people have specifically provided that this Court has no power to affect the venue of actions in the circuit or district courts.
I recognize, of course, that no statutory provision specifically states that venue of actions against State officers is proper only in the county of their official residence, but the majority has not found any statute that supports its position either. I know that the statutes cited by the majority do not specifically state that a State officer or agency may be sued anywhere other than in the county of the officer or agency's official residence. In fact, the statutes cited by the majority are silent in this regard and do not support the majority's contentions. On numerous occasions, this Court has held that venue for an action against a State agency or a State officer is proper only in the county of the official residence of the agency or officer. See, Ex parte Neely,653 So.2d 945 (Ala. 1995); Ex parte Alabama Power Co., 640 So.2d 921
(Ala. 1994); Ex parte City of Birmingham, 507 So.2d 471
(Ala. 1987); Alabama Youth Services Board v. Ellis,350 So.2d 405 (Ala. 1977); Boswell v. Citronelle-Mobile Gathering, Inc.,292 Ala. 344, 294 So.2d 428 (1974); Tri-State Corp. v. State exrel. Gallion, 272 Ala. 41, 128 So.2d 505 (1961).
I have specifically examined the provisions of § 6-3-1 et seq., Ala. Code 1975, which pertain to the proper venue for actions brought in State courts, and I find no provision that specifically addresses the issue of the proper venue when a State agency or official is a defendant in a civil action. I did find that the legislature, shortly after this Court decidedEx parte City of Birmingham, 507 So.2d 471 (Ala. 1987), adopted an act to address the problem presented in that case, in which a city was sued in a county other than the county in which it was situated. See, Ala. Acts 1987, No. 87-391.‡ Those acts, now codified as § 6-3-11, Ala. Code 1975, established the proper venue for all civil actions for damages for personal injury, death, or property damage filed against a county or a municipality as being the county where the city or county was located or in the county where the act or omission complained of occurred. Through this statute, the legislature extended the scope of our holding in Ex parte City of Birmingham, in which this Court announced that counties and municipalities should be given the same common law protection that had traditionally been given to State agencies and officers. Applying common law venue principles to that case, this Court held that the only proper venue for an action against a county or municipality was the county where that governmental entity was located. Ex parteCity of Birmingham, 507 So.2d at 474. Apparently, the legislature disagreed with this holding *Page 1169 
and chose to allow venue for actions against these entities to be proper also in the county where the act or omission complained of occurred; however, I cannot conclude from this action that the legislature intended to expand that venue principle to include entities and officers of the State.
I can interpret the adoption of § 6-3-11 only as suggesting that the legislature intended only to alter the common law rule establishing proper venue for governmental agencies in relation to counties and municipalities, and did not intend to alter the rule as to State entities and officers. If the legislature had intended to expand this rule in relation to all State agencies, then the proper time for it to do so would have been when it was adopting § 6-3-11, since the statute could have provided for specific venue rules applicable to all governmental agencies. The fact that the legislature did not include in this statute the agencies or officers of the State leads to the inference that the legislature intended only to change the common law rule as it related to cities and counties, and that entities and officers of the State would be governed by the common law as interpreted by court decision. In order to get a better understanding of the legislative intent in adopting Act No. 87-391, I have examined the House and Senate Journals that record the passage of Act 87-391 (§ 6-3-11) through the legislature. This examination revealed no indication that the legislature, while addressing the question of venue of actions against counties and municipalities, sought to address the venue of actions against State agencies or their officers or agents. Consequently, I believe that the rule relating to venue of actions when a State agency or officer is a defendant, as it existed at the time of the adoption of Amendment 328, still applies and accurately reflects the legislative intent concerning the proper venue for actions against State defendants. See, Tri-State Corp. v. State ex rel. Gallion,272 Ala. 41, 128 So.2d 505 (1961).
To allow a plaintiff to avoid application of theNeely rule by merely joining a defendant in his or her individual capacity will effectively destroy the protection provided to the State and its officers by the rule. The provision of Rule 82(c) cannot expand venue for actions against State agencies or officers, and the majority's holding seems to violate the very public policy set forth by the Court in Neely;
I think it will cause the State and its officers great "inconvenience, hindrance, and delay" in their performance of governmental activities. State agencies and officers will now be required to travel throughout the State to defend actions in counties other than the counties of their official residence. As a result, the State must suffer the costs and inconvenience of being subject to being sued in any county. Additional funds will be necessary to finance the resulting increase in costs to travel throughout the State to defend lawsuits, the costs of hiring new attorneys, who will be necessary to supplement the attorney general's civil litigation staff, and the increased cost to the individual State employee, who will be subject to being sued in any county in the State.
There is another reason why I must dissent. The writ of mandamus is an extraordinary remedy, and one seeking it must show "(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parteAlfab, Inc., 586 So.2d 889 (Ala. 1991). It is well settled that "[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse." Ex parteBen-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990) (emphasis added).
Based on the foregoing, I am of the opinion that these petitioners, like those in Ex parte Neely, have not shown "a clear legal right" to have the trial court's transfer vacated. Accordingly, I must respectfully dissent; I believe that the petitioners' request for mandamus relief is due to be denied.
HOUSTON, J., concurs.
*** Section 6-3-2 states:
"(a) In proceedings of a legal nature against individuals:
". . . .
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
 "All other personal actions" are those not based on a claim for recovery of land or claims based in contract. See, § 6-3-2(a), Ala. Code 1975.
† The necessity for this Court's power to promulgate these procedural rules was discussed by this Court in Ex parte Ward,540 So.2d 1350, 1351 (Ala. 1988):
 "The reason for our rulemaking authority is the critical necessity of implementing and maintaining a procedural system whereby justice is administered fairly, uniformly, effectively, and expeditiously. Cf. Rule 1, Ala.R.Civ.P. If we were without such authority to serve as the central body charged with promulgating rules effective statewide, the bench and bar alike would undoubtedly be faced with a hap-hazard crazy-quilt of varying procedures from one circuit to the next. Although the lower courts are left to fashion some rules of practice or procedure for themselves, see, e.g., Ala.R.Civ.P. 83(a), even these rules are subject to our approval. [Rule 83 was amended effective April 14, 1992, so as to abolish all such local rules.]"
The Court goes on in Ward to discuss the specific limitations placed on this Court by Amend. 328, § 6.11, of the state Constitution. See Ex parte Ward, 540 So.2d at 1351-52.
‡ Act No. 87-391 was passed on July 14, 1987, approximately four months after we announced our decision in Ex parte City ofBirmingham. *Page 1170