I respectfully dissent. The main opinion acknowledges the declaration in Ex parte City of Birmingham, 507 So.2d 471, 475 (Ala. 1987), that "the general rule is that where a city occupies territory in two or more counties, it is subject to suit only in the county where the seat of government is located." In Ex parte City of Birmingham, this Court noted that, at the time that case was decided, there was no specific venue statute for lawsuits against counties and municipalities. Section 6-3-11, Code of Alabama 1975, which now prescribes the venue for actions against counties or municipalities, was enacted by the Legislature as Act No. 87-391, Ala. Acts 1987, effective July 14, 1987; it provides that, as to a municipality, the venue shall be "in the county within which the municipality is located or in the county in which the act or omission complained of occurred." The main opinion states that "[w]ithout a statute to guide it, this Court in Ex parte City of Birmingham, supra, considered venue in a case involving a municipality to be appropriate only in the county where the seat of municipal government was located"; however, the opinion goes on to reason that "now that we have a statute that applies to the venue of actions against municipalities, a court should determine the appropriate venue in those cases based solely on the wording of the statute." 827 So.2d at 782. The main opinion further concludes that Ex parte City of Birmingham "does not create an ambiguity because the Court in that case was deciding a case without the benefit of § 6-3-11." 827 So.2d at 782. I would agree that the Legislature's enactment of § 6-3-11 only three months after Ex parte City ofBirmingham was released on April 10, 1987, would suggest that the opinion in that case gave rise to the legislation. It seems to me, however, that § 6-3-11 was enacted simply to specify, in general, the venue for actions against counties and municipalities and that it did not undertake to address the subissue of venue for an action against a municipality that is located in two or more counties. To the extent that we can consider that it did, however, I am inclined to interpret the phrase "in the county within which the municipality is located" to refer to "the" county in the singular rather than to "any" county in which the municipality might be partially located. I see no inconsistency between the language of § 6-3-11 and "the general rule," stated in Ex parteCity of Birmingham, *Page 784 
that where a city is located in two or more counties "it is subject to suit only in the county where the seat of government is located." 507 So.2d at 471. Five members of this Court concurred in that case. Chief Justice Torbert concurred specially, but specifically stated, "I agree that the weight of the authority holds that the situs of the municipality is where the seat of government is, notwithstanding the fact that the city is located in more than one county." 507 So.2d at 475. I agree with the main opinion that the convenience of the parties is the usual undercurrent in the shaping of a venue statute, but § 6-3-11
authorizes, as an alternative to the county where a municipality is located, that an action can be brought against a municipality "in the county in which the act or omission complained of occurred." If a city officer or employee has an automobile wreck while traveling in another county on official business, § 6-3-11 would allow suit to be brought against the city in the county in which the accident occurred, even if that county was very remote from the city's situs.
In the final analysis, it is my opinion that the "general rule" approved and adopted by this Court in Ex parte City of Birmingham, to the effect that a city occupying territory in two or more counties "is subject to suit only in the county where the seat of government is located," 507 So.2d at 471, was not abrogated by the enactment of §6-3-11, and remains the rule that should control the outcome in this case. I would hold that the City of Haleyville was subject to suit only in Winston County, where its seat of government is located.
See, Lyons, and Brown, JJ., concur.