SELLERS, Justice.
Clinton Carter, in his official capacity as Director of Finance of the State of Alabama, and Chris E. Roberts, in his official capacity as director of the Alabama Office of Indigent Defense Services (hereinafter referred to collectively as "the State defendants"), petition this Court for a writ of mandamus directing the Jackson Circuit Court to transfer the underlying action to *333 Montgomery County, where, they argue, venue is proper. For the reasons discussed below, we issue the writ.
Facts
In January 2015, the Jackson Circuit Court, pursuant to § 15-12-21, Ala. Code 1975,[1] appointed Alabama attorneys Ronald W. Smith and Gerald R. Paulk to represent Barry Van Whitton, an indigent, in a noncapital-murder case. While the criminal case against Whitton was pending, Smith and Paulk filed a motion seeking a declaration that § 15-12-21 was unconstitutional; an order allowing them to exceed the statutory fee cap set in § 15-12-21 ; and, in the alternative, an order reimbursing them for their overhead expenses incurred in the defense of the case. The trial court conducted a hearing on the motion; two assistant attorneys general were present at the hearing.
On September 9, 2015, the trial court entered an order, which, among other things, declared § 15-12-21 unconstitutional and "no longer of any force or effect" ("the Whitton order). The attorney general did not appeal the Whitton order or otherwise challenge it.
Upon completion of the criminal trial, the trial court approved Smith's and Paulk's attorney-fee declarations, i.e., $15,995.01 and $28,596.21, respectively. Smith and Paulk submitted to the Office of Indigent Defense Services ("the OIDS") the approved attorney-fee declarations, along with a copy of the Whitton order. The OIDS paid Smith and Paulk only those amounts authorized by § 15-12-21, citing the statute as the basis for its limited payment. Smith and Paulk filed a claim with the State Board of Adjustment, which was unsuccessful.
On March 13, 2017, Smith and Paulk, individually, and on behalf of all similarly situated Alabama lawyers, filed a complaint in the Jackson Circuit Court against the State defendants in their official capacities. Count one of the complaint sought *334 mandamus and/or injunctive relief directing the State defendants to perform their legal and ministerial duties pursuant to the Whitton order. Counts two and three of the complaint sought retroactive (dating back to June 14, 2011) and prospective relief for a state-wide class of similarly situated indigent-defense lawyers.
On April 19, 2017, the State defendants moved the Jackson Circuit Court for a change of venue to Montgomery County, citing Tri-State Corp. v. State ex rel. Gallion, 272 Ala. 41, 46, 128 So.2d 505, 509 (1961) (stating that "it is well established ... that suits involving public officials are properly maintained in the county of their official residence"), and Ex parte Neely, 653 So.2d 945, 946 (Ala. 1995) (holding that "where an officer of the state is a defendant ..., venue is proper only in [the county of the defendant's official residence], 'absent specific statutory authority to the contrary or waiver of objection to venue' " (quoting Ex parte City of Birmingham, 507 So.2d 471, 474 (Ala. 1987) )). Smith and Paulk argued in opposition to the motion for a change of venue that the attorney general, by failing to challenge the Whitton order declaring § 15-12-21 unconstitutional, waived objections to venue and that "waiver" is binding on the State defendants. Smith and Paulk also argued that the Jackson Circuit Court had continuing and ancillary jurisdiction to enforce the Whitton order.
On June 27, 2017, the trial court entered an order denying the State defendants' motion for a change of venue. The State defendants filed this petition for a writ of mandamus asking this Court to direct the trial court to vacate its order denying their motion for a change of venue and to transfer the case to Montgomery County. This Court ordered answer and briefs.
Standard of Review
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). 'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). 'When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."
Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998).
Analysis
In Ex parte Neely, this Court held that, "absent statutory authority to the contrary, venue for ... actions against a state agency or a state officer should be in the county of the official residence of the agency or officer." 653 So.2d at 947. In Neely, this Court expressed the public-policy considerations behind this rule as being "directed toward preventing inconvenience, hindrance, and delay to the successful conduct of the functions of state government." 653 So.2d at 947. In denying the motion to transfer the case, the trial court concluded that the attorney general, by failing to challenge the Whitton order, had waived any objections to venue in *335 Jackson County, that the attorney general's actions were binding on the State defendants, and that the trial court had continuing or ancillary jurisdiction to enforce the Whitton order:
"1. This action seeks enforcement of the [Whitton order] holding [the fee caps of § 15-12-21 ] for indigent defense unconstitutional. This Court took up that issue as a pre-trial matter in [the Whitton criminal proceeding], and the Attorney General did not object to jurisdiction, service or venue before or after the hearing and trial. There was no motion to vacate, no mandamus petition, and no appeal of [the Whitton order].
"2. As Alabama's chief law enforcement officer, the Attorney General was entitled [to] waive the objections now raised by [the State defendants] here, and his election to do so then is binding now on subordinate officials whose actions are mandated by the result.
"3. [The State defendants] here are officials who have only a ministerial duty to pay the fees ordered [by the Whitton order]. They may not re-litigate the fee cap issue or second-guess that decision, and the Attorney General may not now re-litigate it through [the State defendants] in this action....
"Accordingly, [the State defendants] here have no substantive issues to contest, and this Court has continuing or ancillary jurisdiction to enforce [the Whitton order] by mandamus or injunctive orders directed to them as ministerial officials."
(Emphasis added.)
The State defendants argue that the trial court exceeded its discretion in failing to transfer the instant civil action to Montgomery County because, they say, the attorney general's failure to challenge the Whitton order did not operate to "waive" their objections to venue in this case. Specifically, the State defendants assert that, although the attorney general may possess broad power to direct the State's interests in litigation, he cannot "waive" objections to venue for individuals who were not parties to the case in which the attorney general waived venue and who were not represented by him or his office at that time. The State defendants further argue that the trial court's refusal to transfer the action to Montgomery County was based on its assumption that the Whitton order was conclusively valid and thus binding on the State defendants. According to the State defendants, issues concerning the validity of the Whitton order and its applicability are disputed and have not yet been decided. For these reasons, the State defendants maintain that Smith and Paulk must litigate the merits of their claims against the State defendants in the proper venue-Montgomery County; Smith and Paulk, the State defendants maintain, cannot obtain their desired result merely by pursuing enforcement of the Whitton order.[2] We agree.
The Whitton order declaring § 15-12-21 unconstitutional was entered by the trial court in a criminal proceeding. Venue in the criminal proceeding was undisputedly proper in Jackson County. Smith and Paulk sought to enforce their alleged rights under the Whitton order by submitting their attorney-fee declarations to the OIDS and, when the OIDS did not pay the entire amounts submitted, by filing a claim with the State Board of Adjustment. Having no success with the Board of Adjustment, Smith and Paulk commenced the *336 underlying civil action in an effort to force the State defendants to perform what Smith and Paulk assert are their official duties. The civil action is distinct from the criminal proceeding, and there has been no waiver of venue in the civil action.
As the State defendants correctly note, the issue presented in this petition does not concern the validity of the Whitton order or whether that order is enforceable. Rather, the only issue presented for our review is whether venue for the civil action is proper in Montgomery County. The civil action has been brought against the State defendants in their official capacities, and there has been no waiver of objections to venue in the civil action. Thus, under this Court's holding in Ex parte Neely, we conclude that the State defendants have demonstrated a clear legal right to the relief sought.
Conclusion
The Jackson Circuit Court is directed to vacate its June 27, 2017, order denying the State defendants' motion for a change of venue and to transfer the case to the Montgomery Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Wise, and Bryan, JJ., concur.
Murdock and Shaw, JJ., concur in the result.
MURDOCK, Justice (concurring in the result).
The September 9, 2015, judgment of the Jackson Circuit Court in the criminal case involving Barry Van Whitton, i.e., the Whitton order, awarding attorney fees to Ronald W. Smith and Gerald R. Paulk ("the attorneys") in excess of the maximum amount stated in § 15-12-21(d)(2), Ala. Code 1975, not having been appealed by the attorney general on behalf of the State of Alabama, constituted a final disposition of the issue whether the attorneys were entitled to the fee award stated therein. Under this circumstance, I question whether it was necessary for the attorneys to have filed some new and separate action to enforce a judgment already obtained. Rather than joining in the Jackson Circuit Court proceeding any additional State officials whose presence might be necessary for the enforcement of that court's judgment and seeking enforcement of that judgment by the court that entered it, however, the attorneys chose to initiate a collateral lawsuit for that purpose and for the purpose of seeking additional relief on behalf of a class of similarly situated indigent-defense lawyers. If such a lawsuit is to be filed, then I suppose the proper venue for the new lawsuit, naming as defendants Clinton Carter, in his official capacity as Director of Finance of the State of Alabama, and Chris E. Roberts, in his official capacity as director of the Alabama Office of Indigent Defense Services, is Montgomery County pursuant to Ex parte Neely, 653 So.2d 945, 946 (Ala. 1995). In any event, the finality of the judgment awarding fees to the attorneys in the Whitton criminal case would appear to be res judicata as to the specific attorney-fee claims of Smith and Paulk.[3]
SHAW, Justice (concurring in the result).
*337 Generally, the proper venue in a criminal case "is in the county in which the offense was committed." § 15-2-2, Ala. Code 1975. The proper venue in the criminal case involving Barry Van Whitton was Jackson County. Ex parte Neely, 653 So.2d 945, 946 (Ala. 1995), states: "[W]here an officer of the state is a defendant ... or where an agency of the state is a defendant, venue is proper only in Montgomery County." No officer of the State or State agency was a defendant in the Whitton criminal case. The rule in Ex parte Neely does not apply.
"A waiver consists of a 'voluntary and intentional surrender or relinquishment of a known right ....' " Bentley Sys., Inc. v. Intergraph Corp., 922 So.2d 61, 93 (Ala. 2005) (quoting Dominex, Inc. v. Key, 456 So.2d 1047, 1058 (Ala. 1984) ). Because the rule in Ex parte Neely did not apply in the Whitton criminal case, it did not provide a right that was capable of being waived.

Section 15-12-21 details Alabama's system for compensating attorneys appointed in indigent cases. At the time pertinent to this petition, that section provided, in pertinent part:
"(d) ... [A]ppointed counsel shall be entitled to receive for their services a fee to be approved by the trial court. The amount of the fee shall be based on the number of hours spent by the attorney in working on the case. The amount of the fee shall be based on the number of hours spent by the attorney in working on the case and shall be computed at the rate of seventy dollars ($70) per hour for time reasonably expended on the case. The total fees paid to any one attorney in any one case, from the time of appointment through the trial of the case, including motions for new trial, shall not exceed the following:
"(1) In cases where the original charge is a capital offense or a charge which carries a possible sentence of life without parole, there shall be no limit on the total fee.
"(2) Except for cases covered by subdivision (1), in cases where the original charge is a Class A felony, the total fee shall not exceed four thousand dollars ($4,000).
"....
"Counsel shall also be entitled to be reimbursed for any nonoverhead expenses reasonably incurred in the representation of his or her client, with any expense in excess of three hundred dollars ($300) subject to advance approval by the trial court as necessary for the indigent defense services and as a reasonable cost or expense. Reimbursable expenses shall not include overhead expenses. Fees and expenses of all experts, investigators, and others rendering indigent defense services to be used by counsel for an indigent defendant shall be approved in advance by the trial court as necessary for the indigent defense services and as a reasonable cost or expense. Retrials of any case shall be considered a new case for billing purposes. Upon review, the director may authorize interim payment of the attorney fees or expenses, or both."
Section 15-12-21 was amended effective January 30, 2016. See Act No. 215-185, Ala. Acts 2015. The quoted provisions were not changed by the amendment.

We note again that Smith and Paulk seek not only to enforce the Whitton order via this civil action, but also additional retroactive and prospective relief on behalf of a class of allegedly similarly situated lawyers.

In other words, I disagree with the main opinion when it states that "[w]e agree" with the State's assertion "that Smith and Paulk must litigate the merits of their claims against the State defendants in the proper venue-Montgomery County; Smith and Paulk ... cannot obtain their desired result merely by pursuing enforcement of the Whitton order." 261 So.3d at 335. The merits of the attorneys' individual claims against the State have already been litigated in the proper venue-Jackson County. Indeed, no court other than the Jackson Circuit Court had authority to litigate the merits of the attorneys' claims.