Father Walter Memorial Child Care Center (hereinafter referred to as the "Father Walter Center") petitions this Court for a writ of mandamus directing the Mobile Circuit *Page 370 
Court to transfer a wrongful death action to the Montgomery Circuit Court.
Richard Westin Jones, Jr., who suffered from cerebral palsy, seizure disorder, psychomotor retardation, and ventriculomegaly, was a resident patient at Father Walter Center in Montgomery County; he died of asphyxiation in his wheelchair after he had been left unattended. His father, Richard Westin Jones, Sr., a Mobile County resident, sued Father Walter Center and Tierra Sturm, R.N., in the Mobile Circuit Court, under the Alabama Medical Liability Act of 1987 ("AMLA"), alleging that they had negligently caused the death of his son. Jones also stated claims against Ortho-Kinetics, Inc., a Wisconsin corporation, under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), alleging that Ortho-Kinetics had negligently designed and manufactured his son's wheelchair.
Father Walter Center and Ortho-Kinetics moved to transfer the case from Mobile County to Montgomery County or, in the alternative, to dismiss Jones's complaint, arguing that venue as to Father Walter Center was governed by Ala. Code 1975, §6-5-546, a part of the AMLA; Father Walter Center and Ortho-Kinetics did not argue that venue was improper as to the defendant Ortho-Kinetics. In opposition to the motion, Jones argued that the AMLA did not apply to this action because Ortho-Kinetics was not a health care provider, and he further argued that § 6-5-546 violates the state and federal constitutions. The trial court denied the motion, without stating its reasoning for doing so.
The appropriate means to challenge the trial court's refusal to transfer an action is a petition for writ of mandamus, and the petition is due to be granted if the petitioner clearly shows that the trial court erred in refusing the transfer. SeeEx parte Alabama Power Co., 640 So.2d 921 (Ala. 1994); Ex parteRalston, 519 So.2d 488 (Ala. 1987); Ex parte Finance AmericaCorp., 507 So.2d 458 (Ala. 1987).
Father Walter Center argues that the trial court erroneously failed to apply § 6-5-546 to determine venue. That statute provides, in pertinent part:
 "In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred."
The AMLA, of which § 6-5-546 is a part, "applies to all actions against health care providers based on acts or omissions accruing after June 11, 1987, and as to such causes of action, shall supersede any inconsistent provision." Ala. Code 1975, §6-5-552. It is undisputed that the Father Walter Center and Sturm are health care providers and that the alleged breach of care occurred in Montgomery County. Jones argues, however, that because Ortho-Kinetics is not a "health care provider," as that term is defined in the AMLA, § 6-5-546 does not apply in this case; instead, Jones argues that Rule 82(c), Ala.R.Civ.P., applies in this case. Rule 82(c) provides, in part, that "[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought."
In Ex parte Kennedy, 656 So.2d 365 (Ala. 1995), decided this same day, this Court has established that § 6-5-546 determines proper venue as to all claims against health care providers brought under the provision of the AMLA, even if those claims are joined with other claims against entities or persons that are not health care providers. Based on our holding in Ex parteKennedy, we must conclude that the Father Walter Center has a clear legal right to have the case transferred from Mobile County to Montgomery County.
Jones contends, however, that § 6-5-546 violates the equal protection provisions of the state and federal constitutions and the separation of powers provisions found in Article III, Section 43, of the Alabama Constitution of 1901. The record contains no indication that Jones served the attorney general with notice that he was challenging the constitutionality of §6-5-546. In a proceeding where the constitutionality of a state statute *Page 371 
is challenged, the attorney general is entitled to be heard in the proceedings and must be served with notice. Ala. Code 1975, § 6-6-227. Section 6-6-227 is part of the Declaratory Judgment Act; however, this Court has held that when the constitutionality of a statute is at issue, service on the attorney general is mandatory and jurisdictional, regardless of the nature of the action. Barger v. Barger, 410 So.2d 17 (Ala. 1982).
The record does not indicate that Jones notified the attorney general that he was challenging the constitutionality of §6-5-546. Because the trial court gave no reasons for denying the Father Walter Center's motion to transfer, we do not know whether it actually considered the constitutional challenges; however, the trial court had no jurisdiction to do so, and any judgment regarding those challenges would be void. Ex parte St.Vincent's Hospital, 652 So.2d 225 (Ala. 1994). Likewise, this Court has no jurisdiction to consider the constitutional issues raised. Ex parte St. Vincent's Hospital.
The Father Walter Center has established a clear legal right, under § 6-5-546, to have Jones's claim against it transferred to Montgomery County; therefore, we grant the petition for the writ of mandamus. The AEMLD claim against Ortho-Kinetics may be transferred along with the claim against the Father Walter Center, pursuant to Rule 82, or it may be severed. Ex parteAlabama Power Co. See, also, Committee Comments to Rule 82(c), noting that Rule 82(c) cannot be applied in an action against a foreign corporation so as to violate § 232, Constitution of Alabama 1901, and that as to a foreign corporation joined as a defendant pursuant to the second sentence of Rule 82(c) severance and transfer may be necessary.[1]
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM and BUTTS, JJ., concur.
[1] As to the defendant Sturm, who is not before this Court, a transfer may be appropriate under Ala. Code 1975, § 6-5-546.