ALMON, Justice.
Four plaintiffs — B.L.H., D.F., R.G., and E.R. — petition this Court for a writ of mandamus directing the Lowndes County Circuit Court to vacate its order that severed the petitioners’ claims from those of a fifth plaintiff and transferred their claims to the Montgomery County Circuit Court.
The petitioners allege that the defendants, employees of the Alabama Department of Public Health or its Montgomery County office, wrongfully treated them for syphilis. They allege that the defendants undertook to treat them pursuant to the “Blitz” program, a program designed to stop the spread of syphilis. The complaint alleged breaches of the applicable standard of care, defamation, outrageous conduct, battery, and other causes of action.
The defendants assert that this action is governed by the Medical Liability Act, § 6-5-481 et seq. and 6-5-542 et seq., Ala.Code 1975, because at least four of them are health care providers subject to that act. They cite Benefield v. F. Hood Craddock Clinic, 456 So.2d 52, 54 (Ala.1984); Mobile Infirmary v. Delchamps, 642 So.2d 954 (Ala.1994); Ex parte Golden, 628 So.2d 496 (Ala.1993); and Allred v. Shirley, 598 So.2d 1347 (Ala.1992), for the proposition that it is the substance, not the form, of an action that determines whether the Medical Liability Act applies. The petitioners present no basis on which to reject the defendants’ argument that the Medical Liability Act applies, so we accept the defendants’ argument that it does.
*1153 The defendants do not argue that venue of claims against them is proper only in Montgomery County because they are state officers residing in that county. See, e.g., Ex parte Neely, 653 So.2d 945 (Ala.1995). Thus, we consider this petition on the basis of the defendants’ argument that the Medical Liability Act governs. We express no opinion whether the principle stated in Neely would govern over the provisions of § 6-5-546, discussed below, but we do note that the principle governing venue of actions against state officers is qualified by the statement, “absent specific statutory authority to the contrary,” 653 So.2d at 946.
Section 6-5-546, a part of the Medical Liability Act, governs venue of actions against health care providers. In Ex parte Kennedy, 656 So.2d 365 (Ala.1995), and Ex parte Father Walter Memorial Child Care Center, 656 So.2d 369 (Ala.1995), this Court held that § 6-5-546 determines the proper venue for all claims against health care providers brought pursuant to the Medical Liability Act, even if those claims are joined with claims against others who are not healthy care providers. Thus, the bulk of the petitioners’ issues, regarding joinder and severance of claims for purposes of venue, are answered by § 6-5-546 and by these two cases, which were decided after the petition was filed. The petitioners make no argument that venue is proper in Lowndes County on their claims against some of the defendants even if not as to others.
Alabama Code 1975, § 6-5-546, states:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the alleged defendant actually occurred. If plaintiff alleges that plaintiffs injuries or plaintiffs decedent’s death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiffs decedent resided at the time of the act or omission if the action is one for -wrongful death. If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries or plaintiffs decedent’s death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred. For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party.”
(Emphasis added.)
Thus, § 6-5-546 provides that when breaches of the standard of care giving rise to a claim of medical liability occur in more than one county the action must be filed in the county in which the plaintiff resides. Of these four plaintiffs, only B.L.H. was a resident of Lowndes County when the defendants’ wrongful acts are alleged to have occurred. B.L.H. was notified to report to the Montgomery County Health Department or else face legal action. This notification was in the form of a notice posted on the door of her residence in Lowndes County by an employee of the Montgomery County Health Department as part of the “Blitz” program. The defendants assert that Montgomery County Health Department staff members contacted B.L.H. because she was a pregnant woman who, they allege, might have been exposed to, or have contracted, syphilis. B.L.H. contends that she does not have syphilis, was not exposed to syphilis, and was wrongly treated for syphilis by members of the Montgomery County Health Department’s staff.
B.L.H. alleges that the posting of the notice on her door in Lowndes County was part of the treatment of syphilis and was a breach of the standard of care in treating her for a disease that she did not have. The petitioners’ medical expert testified by deposition that notifying B.L.H. was the first step in the medical treatment. Dr. Fox, one of the defendants, testified by deposition that notify *1154 ing a potential victim would be part of the treatment process. Thus § 6-5-546 requires that B.L.H.’s claims be brought in Lowndes County because she is a resident of Lowndes County and because the acts alleged to have constituted the breach of the standard of care occurred in both Lowndes and Montgomery Counties. Accordingly, we grant the writ of mandamus as to B.L.H.
The other petitioners were not residents of Lowndes County at the time of the acts alleged in the complaint. Therefore, venue would not be proper in Lowndes County as to their claims, but it would be proper in the county of each plaintiffs residence. § 6-5-546, supra. D.F., R.G., and E.R. lived in Montgomery County at the time of the events alleged and at the time of the filing of the complaint. Accordingly, we deny the petition as to these three petitioners.
PETITION GRANTED IN PART AND DENIED IN PART.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.
MADDOX, J., concurs in the result in part and dissents in part.