HARWOOD, Justice.
Dr. Constantina R. Boshell is a defendant in an action filed in the Walker Circuit Court. She petitions for a writ of mandamus directing Judge John L. Madison to vacate his September 19, 2000, order transferring that case from Walker County to Winston County. The petition is denied.
On March 24, 2000, Barbara McCullar, a Winston County resident, filed an action alleging medical malpractice and naming *676 as defendants Dr. Boshell; Dr. Boshell’s clinic, named in the complaint as “Boshell Clinic, Inc”; and certain fictitiously named defendants. The complaint alleged that Dr. Boshell had treated McCullar on December 8, 9, and 10, 1999, at her clinic in Walker County; that in the treatment she had breached the standard of care applicable to chiropractors; and that, as a result of the breach, McCullar had suffered various injuries. The defendant named as “Boshell Clinic, Inc.,” was dismissed on June 6, 2000, because the clinic was in fact not an incorporated entity.
On July 7, 2000, McCullar amended her complaint to add as defendants Dr. N. Frank McCreless, D.C., and Winston County Chiropractic Clinic (hereinafter referred to as “the McCreless defendants”). The amended complaint stated that Dr. McCreless, practicing chiropractic through Winston County Chiropractic Clinic, had evaluated and treated McCullar between January 6 and January 24, 2000, in Winston County. The amended complaint alleged medical malpractice against the McCreless defendants, alleging that they, also, had breached the standard of care applicable to chiropractors and chiropractic clinics and that McCullar had suffered various injuries as a result of the breach.
On July 18, 2000, the McCreless defendants filed a motion to transfer the case from Walker County to Winston County, based upon Ala.Code 1975, § 6-5-546, the venue provision of The Alabama Medical Liability Act of 1987. Their motion argued that because McCullar, a resident of Winston County, had amended her complaint to allege that acts or occurrences in both Walker and Winston Counties had caused her injuries, the statute required that the case be transferred from Walker County to Winston County. On or about August 25, 2000, Dr. Boshell filed a brief in opposition to the McCreless defendants’ motion to transfer. In opposition, Dr. Bo-shell argued that under § 6-5-546 venue was proper when McCullar first filed her action, and that proper venue must be determined at the time an action is filed. Dr. Boshell argued that the McCreless defendants were entitled, at most, to a severance of the claims against them and a transfer of those claims to Winston County, not a transfer of the entire case. The motion was subsequently argued before the trial court on September 7, 2000. On September 19, 2000, the trial court entered an order finding Winston County to be a proper venue for the action and transferring the entire case to that county.
This Court has clearly established the basis on which a writ of mandamus will issue:
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). However, “a petition for a writ of mandamus is the proper means by which to challenge an order by a trial court transferring an action to another county.” Ex parte Bruner, 749 So.2d 437, 439 (Ala.1999) (citing Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996); and Ex parte Neely, 653 So.2d 945 (Ala.1995)).
*677 AIa.Code 1975, § 6-5-546, governs venue and transfer of actions under the Alabama Medical Liability Act of 1987, which “applies to all actions against health care providers based on acts or omissions occurring after June 11, 1987.” Ala.Code 1975, § 6-5-552. Section 6-5-546 states:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred. If plaintiff alleges that plaintiffs injuries or plaintiffs decedent’s death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiffs decedent resided at the time of the act or omission if the action is one for wrongful death. If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries or plaintiffs decedent’s death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred. For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party.”
This Court has held:
“The venue of actions is governed by statute and, in the event of an inconsistency in the statutory provisions, by Rule 82, Ala.R.Civ.P. Ex parte Lashley, 596 So.2d 890 (Ala.1992). Moreover, Amendment 328, § 6.11, Alabama Constitution of 1901, provides that, by passing a general act of statewide application, the legislature may change the rules promulgated by this Court for governing the administration of all courts. The legislature has exercised that power here, enacting § 6-5-546, a general statute of statewide application.... As to those cases in which § 6-5-546 is applicable, therefore, its provisions supersede the provisions of Rule 82(c).[1]
Ex parte Kennedy, 656 So.2d 365, 367-68 (Ala.1995). Moreover, in Kennedy, this Court held that a medical-malpractice claim alleging an act or omission in Jefferson County, added by amendment to a workers’ compensation claim pending against Walker County in the Walker Circuit Court, “must be severed and transferred to the Jefferson Circuit Court.”[2] *678 656 So.2d at 369. Thus, this Court recognized in Kennedy that a claim of medical malpractice added by amendment in a case pending in a proper venue, but complaining of acts or omissions alleged to have occurred in another county, must be accorded its own special venue prescribed by § 6-5-546. A transfer of the entire case was not an option in Kennedy because under § 6-3-11 Walker County was the only proper venue for the claim against the Walker County Commission.
It is undisputed that Dr. Boshell and the McCreless defendants are “health care providers” within the meaning of that term as defined by § 6-5-542(1) and that their alleged breach of the standard of care applicable to chiropractors occurred after June 11, 1987. It is also undisputed that the plaintiff McCullar is a resident of Winston County; and that the alleged acts or omissions by Dr. Boshell occurred in Walker County. When this action was originally filed, i.e., when McCullar “brought” this lawsuit, it was properly filed in the Circuit Court of Walker County, as required by the “act or omission” language of § 6-5-546. Only when she amended her complaint to add the McCreless defendants, whose alleged acts or omissions were alleged to have occurred in Winston County, did venue become an issue.
The McCreless defendants moved for a change of venue 11 days after McCullar amended her complaint. See Rule 12(b) and 12(h)(1), Ala.R.Civ.P. At that point, McCullar had alleged that she had been injured by acts or occurrences that had taken place in more than one county. We note that if McCullar had named the McCreless defendants in her original complaint, then § 6-5-546 clearly would have made venue proper only in Winston County, McCullar’s county of residence. Section 6-5-546 states that “[i]f plaintiff alleges that plaintiffs injuries ... resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission.” (Emphasis added.) See also Ex parte B.L.H., 677 So.2d 1152, 1153 (Ala.l995)(applying § 6-5-546 to alleged acts or occurrences of malpractice taking place in more than one county).
We also note that § 6-5-546 does envision the possibility of a change of venue, after the lawsuit has been “brought,” at any time up until the commencement of the trial:
“If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries ... did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred.”
*679 (Emphasis added.) However, this language does not directly resolve the issue presented by Dr. Boshell’s mandamus petition, because that language requires a showing by a defendant that the malpractice alleged in the original complaint to have occurred in more than one county in fact occurred in only one county. In this present case, the trial court’s transfer order was based upon an allegation by the plaintiff, made by amendment after the action had been filed, that acts of medical malpractice had occurred in different counties. Under the authority of Ex parte Kennedy, supra, wherein this Court applied the mandatory venue provisions of § 6-5-546 to a medical-malpractice claim added by amendment, we hold that the trial court was required in the instant case to transfer the claim added by amendment against the McCreless defendants to Winston County, where their acts and omissions were alleged to have occurred and where McCullar resided.
Section 6-5-546 arguably could be construed to require a transfer of the entire case, because, as constituted after the amendment, it involved injuries the plaintiff claimed had resulted from acts or omissions that she said had taken place in more than one county, one of which, Winston County, was the county wherein the plaintiff resided at the time of the acts or omissions. We need not reach that issue, however, because we conclude that the trial court could properly transfer the entire case to Winston County on the basis of the forum non conveniens provision appearing in § 6-5-546:
“For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it might have been brought hereunder and/or may order a separate trial as to any claim or party.”
No cases have specifically addressed this provision of the Medical Liability Act of 1987. However, our more general forum non conveniens statute, Ala.Code 1975, § 6-3-21.1, provides some insight as to the extent of the trial court’s discretion to transfer a case on the forum non conve-niens basis. Section 6-3-21.1 states, in pertinent part:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to Section 30-3-5.”
(Emphasis added.)
In interpreting § 6-3-21.1, we have held:
“The trial judge has a degree of discretion in determining whether the factors listed in the statute, i.e., ‘the convenience of parties and witnesses’ and ‘the interest of justice,’ are in favor of transferring the action....
“... [T]he Legislature, in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when ‘the interest of justice’ requires a transfer.”
Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998). Walker County and Winston County are contiguous. This Court has held that the “interest of justice” may permit a transfer between contiguous counties. See Ex parte First Family Fin. Servs., Inc., supra (transfer from Marengo to Dallas County); Ex parte Indep. Life & Accident Ins. Co., 725 So.2d 955 (Ala.1998)(transfer from *680 Lowndes to Montgomery County); and Ex parte Employers Modern Life Co., 772 So.2d 433 (Ala.2000)(transfer from Walker to Jefferson County). See also Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1999).
We recognize that the. forum non conve-niens language contained in § 6-5-546 varies slightly from that contained in § 6-3-21.1. Section 6-3-21.1 contains a disjunctive “or,” while § 6-5-546 does not. However, the pertinent language of § 6-5-546 is identical to that contained in 28 U.S.C. § 1404(a), the federal forum non conve-niens statute. In this regard, commentators have stated:
“[The federal statute, 28 U.S.C.A. § 1404(a),] says that actions may be transferred ‘for the convenience of parties and witnesses, in the interest of justice.’ Although, as Judge Friendly has pointed out, ‘the letter of the section might suggest otherwise,’ it is well established that the interest of justice is a factor to be considered on its own and an important one, and that the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses [points] in a different direction.”
15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 at 439-40 (2d ed.1986) (citations omitted).
Factors present in this case support the transfer of this entire case rather than a severance of the medical-malpractice claims and a transfer to Winston County of only the claim related to acts or omissions alleged to have occurred in Winston County. First, the interest of judicial economy suggests that the two sets of claims shall be tried together. Rather than having McCullar, who does not oppose a transfer, pursue her claims in two separate counties, it would be more economical for the court system to have one court try both claims. Second, these claims are related. McCul-lar has alleged malpractice in her initial treatment by Dr. Boshell, and she has alleged malpractice in the treatment she received from Dr. McCreless after she had incurred the alleged injuries she says Dr. Boshell had caused. In a separate trial of either claim, the details of the other claim would necessarily be fully explored and many, if not all, of the same witnesses, expert as well as lay, would be required to testify in both trials. In regard to the federal fomm non conveniens statute, the United States Supreme Court has stated:
“To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.”
Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) (quoted in Charles Alan Wright, Federal Practice and Procedure, supra, at 441). These same considerations support the transfer of this entire case. See also Ex parte Turpin Vise Ins. Agency, 705 So.2d 368 (Ala.1997); and Ex parte Rudolph, 515 So.2d 704 (Ala.1987).
Given the circumstances of this case, we conclude that Judge Madison did not abuse his discretion when he transferred the entire action to Winston County. The petition for the writ of mandamus is denied.
PETITION DENIED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.

. Generally, under Rule 82, Ala.R.Civ.P., "proper venue for an action is determined at the commencement of the action.” Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999) (citing Ex parte Mitchell, 690 So.2d 356 (Ala. 1997); Ex parte Parker, 413 So.2d 1105 (Ala. 1982); Ex parte Wilson, 408 So.2d 94 (Ala. 1981); and Rule 82(d)(1), Ala.R.Civ.P.). Furthermore, "a transfer is not authorized under the Rules unless venue was incorrect at the outset of the [action].” Ex parte Maness, 386 So.2d 429, 430 (Ala.1980); see Ex parte Wilson, 408 So.2d 94, 97 (Ala.1981).

. In Ex parte Kennedy, the Board of Trustees of the University of Alabama was named as a defendant at the time the action was filed, along with the Walker County Commission, against which the plaintiff made a workers' compensation claim. The plaintiff later amended her complaint to state a medical-malpractice claim against two physicians who the plaintiff alleged had breached the applicable standard of medical care in treating the plaintiff's decedent while he "was under their care in the University of Alabama at Birmingham Hospital.” 656 So.2d at 367. The two *678 defendant physicians petitioned this Court for a writ of mandamus directing the transfer of the Walker County action to Jefferson County, where UAB Hospital is located. They alleged that the Board of Trustees had been dismissed from the case in February 1994, the same month the complaint was amended to add the claim against the two doctors. This Court stated in a footnote that it would not respond to that contention because, "in considering a petition for a writ of mandamus, this Court does not have a trial court record available for review.” 656 So.2d at 366 n. 1. The presence of the Board of Trustees of the University of Alabama as an initial defendant would strongly suggest that the plaintiff was from the beginning stating a claim of medical malpractice, along with the workers’ compensation claim, and that a related, but different, medical-malpractice claim was asserted by amendment. Nonetheless, all acts or omissions alleged with respect to each medical-malpractice claim would have occurred in Jefferson County.