**OKLAHOMA CITY, a Municipal Corporation, Petitioner,**

v.

**DISTRICT COURT OF the SEVENTH (7th) JUDICIAL DISTRICT and the Honorable William L. Fogg, Judge of the District Court in and for Canadian County, Oklahoma, Respondent.**

No. 42421.

Supreme Court of Oklahoma.

April 11, 1967.

Walter M. Semtner, Municipal Counselor, by Walter M. Powell, Asst. Municipal Counselor, for petitioner.

Rinehart, Morrison & Cooper, by David J. Morrison, Oklahoma City, for respondent.

BLACKBIRD, Justice.

This is an action instituted in this court by the City of Oklahoma City, hereinafter referred to as "petitioner", or "City", for a writ of prohibition to prevent the respondent District Court within and for Canadian County, State of Oklahoma, and the Honorable William L. Fogg, Judge of said Court, from attempting to exercise jurisdiction of an action docketed in said court as its Cause No. 20874, instituted by

one Vera C. Moore, as plaintiff, against said City, as defendant.

The principal question involved herein is one of venue, respondent's claim that the venue of Cause No. 20874 is in that Court, being based solely upon the undisputed fact that said City's western limit, or boundary, is now in Canadian County. However, in her petition in said cause, by which she seeks to establish said City's liability in damages for her alleged injury from stepping on a water meter cover insecurely placed there by the employees of the City's Water Department, Vera C. Moore alleged that the accident occurred on Oklahoma City's South Klein Street, and that she is a resident of said City. It was agreed, in substance, at the hearing on the pleading entitled "SPECIAL APPEARANCE—DENIAL OF JURISDICTION" which said City thereafter filed in Cause No. 20874, supra, that both said plaintiff's residence, and the site of her alleged injury, are in the Oklahoma County—rather than the Canadian County—part of Oklahoma City. The respondent court's order overruling the defendant's said challenge to its jurisdiction, additionally recites, inter alia: " * * it is further agreed * * * that the defendant is situated in both Oklahoma County and Canadian County, but that the situs, or seat of government, of the defendant, i. e., public offices, including Mayor and Council Chambers in the Municipal Building is located in Oklahoma County, * * *".

It was after respondent's entry of the above described order that the City, still contending that the respondent court within and for Canadian County has no jurisdiction of Cause No. 20874, supra, and, in effect, that said order constitutes an unauthorized exercise of judicial power, that the City invoke this court's power of superintending control over such courts by instituting the present action for the writ.

Petitioner's position is that the matter hinges upon the meaning of the word "situated" as used in Tit. 12 O.S.1961, § 134, which reads, in part, as follows:

"An action * * * against a corporation created by the laws of this state, may be brought in *the* county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose." (Emphasis added).

Petitioner argues that, for the purposes of venue, a city is not "situated" in every county in which it has annexed territory (otherwise, suits against Oklahoma City could be brought in either Cleveland, Pottawatomie, or McClain Counties, into all of which counties said City has, in recent years, extended its boundaries) but only in the county in which its seat of government is located, which, in the instance of the petitioner, is (under the agreed facts) in Oklahoma County.

While petitioner's counselor confesses that he has been unable to find a decision of this court directly in point, he urges that the word "situated", as used in the above statute, and, as that part of the statute in which it is used, applies to municipal corporations, has a more restricted definition than that word's general dictionary definition. Petitioner urges that the situs of Oklahoma City is in Oklahoma County under the rule stated in 64 C.J.S. Municipal Corporations § 2203a, p. 1049, as follows:

" * * *

"*Location in two counties.* Where a municipality is partly situated within two counties, its situs, as between such counties, for purposes of venue is in the county in which its municipal offices and government are located, in the absence of a statutory provision to the contrary. * * *."

The same rule is stated in 38 Am.Jur., "Municipal Corporations", § 716, p. 420, at Note 13. There are Ohio cases in accord. See the annotation at 93 A.L.R. 500, 505, 506.

Respondent argues, in substance, that the word "or", as it appears between sections 134's various phrases describing the county in which "an action * * * against a cor-

poration created by the laws of this state may be brought * * *", is disjunctive, rather than conjunctive (citing principally Public Service Company of Oklahoma v. Hawkins, 194 Okl. 272, 149 P.2d 783) thus allowing such an action to be brought in any county answering any of said descriptions.

The principal weakness in respondent's argument is that it does not demonstrate how Canadian County answers any of these descriptions. He does, in effect, say that having extended its boundaries into Canadian County, the City taxes residents of that County and has assumed to furnish municipal services to a portion of said County, and its residents; but he does not claim that its principal office, or place of business, is in said County, or that any of its principal officers reside there; and, obviously under the agreed facts, Vera C. Moore's alleged cause of action in Cause No. 20874, supra, "* * * or some part thereof * * *" did not arise there (unlike that of the plaintiff in the action involved in City of McAlester v. Fogg, Okl., 312 P.2d 867).

 Furthermore, because of the *agreed facts* the rule stated in the second syllabus of our opinion in Dunbar v. Tulsa Metropolitan Water Authority, Okl., 363 P.2d 145, does not apply. As far as respondent's argument, and the agreed facts, demonstrate, the only part of § 134, supra, in issue here is the first part appearing ahead of its first "or"; and, in view of that part's reference to "*the* county", we think it obvious that, for the purpose of its proper interpretation, a city can have its situs in only one county, as pointed out in City of Fostoria v. Fox, 60 Ohio St. 340, 54 N.E. 370, 371. We think that if § 134, supra, when enacted, had contemplated that an Oklahoma city could be "situated", within the meaning of that word as there used, in more than one county, it would not have provided that an action against it "* * * may be brought in *the* county in which it is situated * * *". (Emphasis added). We are of the further opinion that the county thus referred to, is the one in which the city has its seat of government. This is consistent with our opinion in State ex rel. State Bd. of Ed. v. District Court of Bryan County, Okl., 290 P.2d 413, and relieves municipal officials from the same burden of leaving the county where their offices are located, at the seat of their employer's government, and journeying into other counties to defend actions arising in the county where they office, of which burden state officials were relieved by that decision.

We express no opinion concerning an action, whose cause "* * * or some part thereof arose" in a county *other than* the one in which, under our present interpretation of § 134, supra, such a municipal corporation "* * * is situated,".

In accord with the foregoing views, the writ of prohibition herein applied for is granted; and the respondent court and Judge is directed to take no further action in Cause No. 20874, supra, other than to vacate its previous order overruling the City's plea to its jurisdiction therein, and to enter a new order and/or judgment sustaining said plea and dismissing said action without prejudice.

All the Justices concur.