OKLAHOMA CITY, a Municipal Corporation, Petitioner,

v.

The Honorable John V. WHELAN, Associate District Judge for the District Court of Canadian County, State of Oklahoma, Respondent.

No. 50078.

Supreme Court of Oklahoma.

Oct. 26, 1976.

Rehearing Denied Jan. 4, 1977.

Walter M. Powell, Municipal Counselor, and Lucia Todd Allen, Asst. Municipal Counselor, Oklahoma City, for petitioner,

Stubbs, Stiner & Pace, Oklahoma City, for respondent.

DAVISON, Justice:

This case involves an application for this Court to assume original jurisdiction and issue a Writ of Prohibition. The petitioner, Oklahoma City, defendant in the trial court, seeks to prohibit the respondent Judge of the District Court of Canadian County from proceeding further in the trial court. The petitioner asserts that the respondent Judge lacks venue and that venue properly lies in Oklahoma County only.

Plaintiff in the action below seeks to enjoin Oklahoma City from enforcing certain zoning restrictions. He complains that the City Planning Commission and the City Council of Oklahoma City arbitrarily, capriciously and unreasonably denied his application to operate a meat producing plant on his property located in Canadian County. He further complained that the actions of the City unreasonably and oppressively limit his right to use his property.

Although the property of the plaintiff below is located in Canadian County, it is within the City limits of Oklahoma City as that City is situated within more than one county.

The sole question before this Court is whether venue in the case properly lies in Canadian County.

Respondent contends that 12 O.S.1971 § 131 is the applicable and controlling statute, and that such statute requires that the action be brought where plaintiff's land is located, since the land is the subject matter of plaintiff's action, because the statute requires that the action be brought where the subject matter of the action is situated.

12 O.S.1971 § 131 provides as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section.

1st, For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest.

2nd, For the partition of real property.

3rd, For the sale of real property under a mortgage, lien, or other incumbrance or charge.

4th, To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property.

5th, For all damages to land, crops, or improvements thereon, action must be brought in the county where the damages occurs."

We disagree with respondent's contention because the cause of action brought in

the trial court is an equitable action and is not an action to recover real property, nor for determination of any interest therein.

In *State ex rel. Department of Corrections v. Brock*, Okl., 513 P.2d 1293 (1973), the plaintiffs sought to enjoin the Department of Corrections from operating and maintaining a pre-release center and its lagoon sewer system, which allegedly backed up to property of the plaintiffs and was obnoxious to adjacent landowners. In that case, suit was brought in Comanche County, where the land was located.

In ruling on an application for a Writ of Prohibition brought by the Department of Corrections, asserting that venue was improper, we held that in such cases, the applicable statute is 12 O.S. § 133 and not 12 O.S. § 131. In so holding, we stated:

"In the instant case, the act complained of is the 'operation and maintenance' of the pre-release center and its open lagoon which serves as a sewer. The relief sought is a permanent injunction to prevent the Department of Corrections from carrying out its decision to operate the center. The action is an equitable one, and · * * *, has the purpose of enjoining an official state agency from performing an official act. This is not an action to recover real property, nor for the determination of an interest therein. It is an action which operates in personam, and its object is to prevent the Department of Corrections from operating and maintaining a correctional facility. The decision to operate the pre-release center emanated in Oklahoma County, the county of the official residence of the Department of Corrections and the county from which the decision to operate the pre-release center emanated."

In the case before us, as in the Department of Corrections' case, the plaintiff below seeks to enjoin an official body from performing an official duty, which indirectly affects plaintiff's land. We therefore hold as we did in that case that the provisions of 12 O.S. § 131 are not applicable in the type of case before us.

The petitioner is the case at hand asserts that 12 O.S. § 133 or 134 is the controlling statute and that both statutes require that the action must be brought in Oklahoma County, the county from which the zoning restriction emanated and in which the City's municipal offices and government are located.

12 O.S. § 134 provides:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose, *or in any county where a codefendant of such corporation created by the laws of this state may properly be sued.*" [Emphasis added] [Portion of statute emphasized was added to the statute by an amendment which took effect January 1, 1971].

As the cause of action is not one of those mentioned in the first three sections of this Article, one of which is 12 O.S. § 133, we deem the above quoted statute to be the only appropriate venue statute in the case before us.

In *City of McAlester v. Fogg*, Okl., 312 P.2d 867 (1957), we held that a municipal corporation is a "corporation created by the laws of this state," as the phrase is used in 12 O.S. § 134. This Court went on to hold that venue in an action against a municipality lies only in the county or counties meeting requirements of all the applicable specific venue statutes.

Under the only applicable venue statute, 12 O.S. § 134, as quoted above, plaintiff below could have brought his action:

1. . In the county in which the municipal corporation is situated in *Oklahoma City v. District Court*, Okl., 429 P.2d 791 (1967), in construing the phrase "county in which it is situated," we held that where a municipality is partly situated within two counties, its situs, as between such counties, for the purposes of venue,

is in the county in which its municipal offices and government are located. In the case before us, this would be Oklahoma County.

2. Where the municipal corporation had its principal offices or place of business—which in the case before us would be Oklahoma County.

3. Where any principal officer thereof resides. There is no evidence before us indicating the residence of any of the municipal officers involved.

4. Where any principal officer can be summoned. In the case before us there was no summons or an officer in Canadian County.

5. Where the cause of action or some part thereof arose. The decision and actions of the City Council and Planning Commission which gave rise to the suit before us originated from Oklahoma County, thus the action arose in Oklahoma County.

6. In any county where a codefendant of such corporation created by the laws of this State may be properly sued. As there are no codefendants involved in the case before us, this provision is inapplicable.

■ Having held that the only applicable statute is 12 O.S. § 134, we hold that under the facts before us, the bringing of the suit in Canadian County was not proper, for as demonstrated by the above analysis, based upon the record before us, Oklahoma County is the only county meeting any of the requirements set forth in 12 O.S. § 134. We thus hold that the proper venue for the action brought by the plaintiff below, under the record before us, is Oklahoma County. We therefore assume original jurisdiction and grant a writ of prohibition, prohibiting the trial court in Canadian County from any further proceedings in this cause.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., dissenting.