Lyle L. WILLIS, William F. Jaynes, Virgil Engle, Lee Philpot, Otto Terrell, Virgil Dugger, Walter L. McKeehan, Eunice C. McKeehan, Viola Dugger, Richard Sturgill, Icy Sturgill, Ruth Philpot, Nell Terrell, Robert Harris, Phyllis Brewer Tiller, Dennis White, Janrose White, Duphus Trosper and Malissa Trosper, Appellants,

v.

CITY OF CORBIN, a Municipality of the third class, Appellee.

Court of Appeals of Kentucky.

April 21, 1978.

Rehearing Denied July 21, 1978.

Discretionary Review Denied Nov. 14, 1978.

C. Gibson Downing, Jr., Richard C. Stephenson, Stoll, Keenon & Park, Lexington, for appellants.

Samuel S. Cannon, Corbin, for appellee.

Before HAYES, VANCE and WHITE, JJ.

HAYES, Judge.

This is an appeal from a judgment of the Knox Circuit Court. Appellee, City of Corbin, is a city of the third class situated in both Knox and Whitley Counties. Corbin's City Hall is located in Whitley County, where its legislative body, the Board of Commissioners, regularly meets to enact ordinances.

On September 21, 1970, the Board of Commissioners enacted Ordinance No. 2713 and Ordinance No. 2714 under which appellee proposed to annex unincorporated territory lying in Knox and Whitley Counties.

Appellants are resident freeholders of the unincorporated territory proposed to be annexed in Knox County. Appellants filed a petition of remonstrance on October 9, 1970, pursuant to KRS 81.190 and KRS 81.110 in the Knox Circuit Court. The Mayor of the City of Corbin was served with process while he was within Knox County.

On November 1, 1970, appellee made a motion to dismiss the action on the grounds that the action was not properly in Knox County because the seat of government of the City of Corbin lies in Whitley County.

Oral arguments were heard on the motion on April 12, 1974, by Special Judge W. R. Knuckles. A judgment was entered by the trial court dismissing the action on the grounds of improper venue on November 28, 1975.

Appellants contend that they should be allowed to bring their action in Knox County, the county of the territory proposed to be annexed, or in the alternative, in either Knox County or Whitley County, the county of the seat of municipal government, whichever the petitioner shall elect.

Appellants make an analogy between annexation and actions relating to real property. They cite KRS 452.400 which provides:

. . . Actions must be brought in the county in which the subject of the action, or some part thereof, is situated:

(1) For the recovery of real property, or of an estate or interest therein;

(2) For the partition of real property except as is provided in KRS 452.420;

(3) For the sale of real property under KRS chapter 389, or under a mortgage, lien, or other encumbrance or charge, except for debts of a decedent;

(4) For an injury to real property.

Appellants in their brief then reason thusly:

While none of the four types of actions expressly listed in KRS 452.400 precisely fits the instant case, the petition against annexation is in a very real sense an action for the recovery of real property or an interest therein. Moreover, the statute expresses the legislative intent that actions relating to real property be brought in the county where all or part of

the real property was situated. Certainly a petition against annexation is such an action.

Appellee argues that, "This is not an action under KRS 452.400 for the sale, recovery, or partition of real property nor for an injury to real property".

This court must recognize that annexation is in essence an exercise of governmental power. It is a political act within the exclusive control of the legislature and a matter of public interest rather than private right. *City of St. Matthews v. City of Beechwood Village*, Ky., 373 S.W.2d 427 (1963).

Further, a remonstrance proceeding in itself is in the nature of an action in personam rather than in rem. The act of annexation is done in reference to the property and it could be performed anywhere. It does not directly affect the real estate of the territory proposed to be annexed. *See Caudill v. Little*, Ky., 293 S.W.2d 881 (1956), and *Oklahoma City v. Whelan*, Okl., 557 P.2d 879 (1976).

Therefore, we must conclude that KRS 452.400 is inapplicable to the case at bar and that this remonstrance proceeding is not an action relating to real property.

Appellants also contend that if KRS 452.400 is inapplicable then KRS 452.480 would apply in this case. KRS 452.480 provides as follows:

. . . An action which is not required by the foregoing provisions of KRS 452.-400 to 452.475 to be brought in some other county may be brought in any county in which the defendant, or in which one (1) of several defendants, who may be properly joined as such in the action, resides or is summoned.

Appellants argue that it follows that Knox County would be the proper venue since the Mayor of Corbin was served there and that the Mayor is the proper party to be served on behalf of the City pursuant to KRS 81.110.

Appellee disagrees and argues in its brief that:

The contention of the Appellants that the proper venue is in Knox County because the Mayor was served at the National Standard Plant which is outside the City limits in Knox County, Kentucky, is without merit. If this were the law, the City of Corbin could be sued in any county of the State of Kentucky wherever the Mayor happened to be at the time.

We cannot agree that KRS 452.480 controls in this case because the cause of action is not a transitory one. It is instead localized in the county in which the municipality is situated.

KRS 81.110 provides in part:

. . . Within thirty (30) days after the enactment of an ordinance proposing to annex unincorporated territory to a . . . city, or to reduce its limits, one or more residents or freeholders of the territory proposed to be annexed or stricken off may file a petition *in the circuit court of the county*, setting forth the reasons why the territory or any part of it should not be annexed, or why the limits should not be reduced . . .

We interpret the words, "in the circuit court of the county," to mean in the county where the municipality is located. This, therefore, makes the action local and not transitory.

This brings us to the unique central issue in this case which is—where does proper venue in remonstrance proceedings lie if the municipality is situated in more than one county?

Appellee contends that the proper venue for this action can lie only in Whitley County where Corbin's seat of government is located. We must agree with this contention.

There are no specific statutory provisions establishing the proper venue in a case such as this. *See City of Corbin v. Roaden*, Ky., 453 S.W.2d 603 (1970); but we do interpret the phrase, "in the circuit court of the county," which was cited previously from KRS 81.110, to mean *in the circuit court of the county in which the seat of municipal*

*government is located.* This interpretation is in accord with decisions in other jurisdictions. *See Arlington v. Calhoun,* 148 Ga. 132, 95 S.E. 991 (1918); *Fostoria v. Fox,* 60 Ohio St. 340, 54 N.E. 370 (1899); and Annot., 93 A.L.R. 500 (1934).

 Thus where a municipality is partly situated within two counties or more, its situs as between such counties, for purposes of venue, is in the county in which its municipal offices and government are located, in the absence of a statutory provision to the contrary. 64 C.J.S. *Municipal Corporations* § 2203.

In *Fostoria v. Fox, supra,* at 371, the court stated:

. . . But it is also claimed that, where a city is partly within one and partly within another county, it has a situs in each. This, we think, is not admissible. If this were so, it would be two cities instead of one. It would be quite as consistent with reason to say that an individual could have two domiciles. *The situs of a city is to be determined by the place where its principal seat of municipal government is located.*

The court in *Arlington v. Calhoun, supra,* found a city's principal seat of government to be in the county where its council chambers, town clerk's office, municipal records depository, police court and jail were all located and where all meetings and official acts of municipal authorities took place.

The Oklahoma Supreme Court in recent decisions has followed the Ohio court decision in *Fostoria v. Fox, supra. See Oklahoma City v. District Court,* Okl., 429 P.2d 791 (1967), and *Oklahoma City v. Whelan,* Okl., 557 P.2d 879 (1976).

In *Oklahoma City v. District Court, supra,* at 793, the court stated:

. . . We think it obvious that, . . . a city can have its situs in only one county, as pointed out in *City of Fostoria v. Fox* . . . We are of the further opinion that the county thus referred to, is the one in which the city has its seat of government . . .

The rationale behind this rule of law is stated in 56 Am.Jur.2d *Municipal Corporations* § 855 thusly:

. . . The Courts have also constantly pointed out that it is of the greatest importance to the welfare of municipal bodies and of the citizens whom they serve that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation. The magnitude and importance of the functions of municipal government are constantly increasing with the growth of populations and of the various and complex agencies employed in municipalities in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to prevent the great object of the creation of municipal corporations . . .

Appellants state that, "The City of Corbin lies in both Whitley and Knox Counties and thus in no sense is the City of Corbin being called upon to defend an action in a 'foreign' location."

This may be true. Yet, it appears more logical to bring the remonstrance proceedings in the county where the annexation ordinance was passed because the subject of the action is the ordinance itself and not the territory being annexed. The act of annexation is being performed in Whitley County only at the seat of municipal government and not in Knox County.

Therefore, this court rules that the appellants should have brought their remonstrance proceeding in Whitley County.

Appellants may have the right to correct their error under the saving provision of KRS 413.270. This is a question which is not before us.

The judgment of the Knox Circuit Court is affirmed.

All concur.