BUTTS, Justice.
Freddie Anthony Hester petitions for a writ of mandamus directing the Colbert Circuit Court to vacate its denial of his motion to transfer a pending child custody action to the Franklin Circuit Court. Freddie Anthony Hester (“the father”) and Angela Faye Hester (“the mother”) were divorced in the Colbert Circuit Court on November 8,1989. They were awarded joint custody of their two minor children. The trial court granted primary physical custody of the minor daughter to the mother and primary physical custody of the minor son to the father. The father and the minor son moved to Franklin County in 1992. The parties litigated in the Colbert Circuit Court several subsequent requests for modification of their divorce judgment. In October 1995, the mother petitioned the Colbert Circuit Court to award her temporary and permanent custody of the minor son. The trial court granted the mother temporary custody of the child pending a hearing on the permanent custody issue. The father subsequently moved to have the modification proceeding transferred to the Franklin Circuit Court. Following a hearing, the trial court denied that motion. In its denial order, the trial court found that it had adjudicated several requests for modification of the original divorce judgment; that, although Franklin County adjoined Colbert County, the father had never before sought a transfer to Franklin County; and that to proceed in the Colbert Circuit Court would not be a hardship for the father. Further, the trial court, ex mero motu, referred the matter to a mediator. The father petitioned the Court of Civil Appeals for a writ of mandamus directing the trial court to vacate its order. The Court of Civil Appeals denied the writ, without an opinion (Feb. 20, 1996, docket no. 2950450).
*7 The father then petitioned this Court for the same relief.
The 'writ of mandamus is an extraordinary remedy and will issue only if the petitioner has a clear and undisputable right to the order sought. Ex parte Smith, 619 So.2d 1374 (Ala.1993). The father argues that he is the son’s custodial parent and that, under Ala.Code 1975, § 30-3-5, he has a clear and undisputable legal right to choose the venue of the mother’s petition for modification of the custody order. Section § 30-3-5 provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the said child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action. ”
(Emphasis added.)
Alabama law has consistently recognized that § 30-3-5 gives the trial court no discretion to grant or to deny a motion by the custodial parent to transfer; rather, it provides that the current custodial parent shall be able to choose the venue. Ex parte Baker, 575 So.2d 98 (Ala.Civ.App.1990); Ex parte Dowling, 506 So.2d 340 (Ala.Civ.App.1986). The mother points out, however, that Baker and Dowling involved a request for a change in custody from a parent who had sole custody of the child to a noncustodial parent. She argues that, unlike the parents in those cases, parents who have joint custody are on equal ground as custodians and that she therefore has as much right under § 30-3-5 as the father to choose venue.
This Court examined the relative positions of parents in an action to modify a joint custody arrangement in Ex parte Couch, 521 So.2d 987 (Ala.1988), and its discussion of the issue in that case is instructive here. The Court began by recognizing that in an original divorce proceeding the parties have an equal right to try to gain custody of the child and that the trial court makes its decision based upon what is in the best interests of the child. 521 So.2d at 989, citing Ex parte Berryhill, 410 So.2d 416 (Ala.1982). The Court then reasoned that where parents share joint custody and neither has been awarded primary physical care of the child, they are on the same equal footing that they would be on in an original divorce proceeding; thus, the “best interests of the child” standard would apply. 521 So.2d at 989.
The Court went on in Couch to note that if one parent has been awarded sole custody of a child in the original divorce judgment, then the noncustodial parent who petitions for a modification of custody has the more stringent burden of showing that uprooting the child from established surroundings would “materially promote the welfare of the child,” quoting Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984). Likewise, if one parent in a joint custody case has already been awarded primary physical care of a child, then the parent who does not have physical custody has the burden of proving that a change in the child’s established physical care would materially promote the child’s welfare. Couch. The Court therefore recognized that a parent who has previously been awarded primary physical custody of a child is considered to be the “custodial” parent for purposes of litigating a petition to modify an order awarding joint custody.
The father has shown that he was awarded primary physical custody of the child, that he and his son have lived in Franklin County for over three years, and that the underlying *8 action is a custody petition involving the custody of the son only. He has therefore demonstrated that he has a clear legal right under § 30-3-5 to choose the venue of this action and that the trial court had no discretion to deny his choice. The fact that in the past the father has litigated petitions to modify the divorce judgment in the Colbert Circuit Court does not alter his statutory right to choose the venue of this proceeding; the father had not lived in Franklin County for the requisite three years at the time of the prior litigation, and the choice of venue there was thus not then available to him. The father is entitled to the writ of mandamus. The Colbert Circuit Court is directed to vacate its order denying the father’s motion to transfer.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, and INGRAM, JJ., concur.