827 So.2d 778 (2002)
Ex parte CITY OF HALEYVILLE.
(In re Kimberly Linne Myers v. The City of Haleyville.)
1001960.
Supreme Court of Alabama.
February 22, 2002.
*780 Nicholas B. Roth and Jenny L. McLeroy of Eyster, Key, Tubb, Weaver & Roth, Decatur, for petitioner.
J.O. Isom, Hamilton, for respondent.
MOORE, Chief Justice.
The City of Haleyville ("the City"), the defendant in an action pending in the Marion Circuit Court, petitions this Court for a writ of mandamus ordering the Marion Circuit Court to transfer this case to Winston County. The City claims that venue is proper as to an action against the City only in Winston County, where the seat of municipal government is located. We deny the writ.
Kimberly Linne Myers sued the City in the Marion Circuit Court as the result of a fall she suffered in the area of the Downtown Mall of the City. The Downtown Mall is located in Winston County. The City moved to transfer the case to Winston County, where, it argues, venue is proper because the seat of the municipal government is located there. The trial court denied the motion. The City straddles both Marion County and Winston County; there is no dispute that the incident in which Myers was allegedly injured occurred in Winston County.
The proper method for obtaining review of a denial of a motion for a change of venue is a petition for a writ of mandamus. Ex parte Alabama Great Southern R.R., 788 So.2d 886, 886 (Ala.2000). The standard for obtaining mandamus review before this Court is a high one:
"`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Alabama Great Southern R.R., 788 So.2d at 888 (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
Section 6-3-11, Ala.Code 1975, controls the venue for actions against municipalities.
"The venue for all civil actions for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred."
To ensure the distinction between legislative and judicial functions, this Court follows specific rules of statutory interpretation.
"`The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute.' IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). In interpreting a statute, `[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.' Id. See also Ex parte Pfizer, Inc., 746 So.2d 960, 964 (Ala.1999); Blue Cross & Blue Shield v. *781 Nielsen, 714 So.2d 293, 296 (Ala.1998); Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991); Town of Loxley v. Rosinton Water, Sewer & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala.1979). `If the language of [a] statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.' IMED Corp., 602 So.2d at 346."
Ex parte Cove Properties, 796 So.2d 331, 333-34 (Ala.2000). The language of § 6-3-11 is plain and unambiguous; therefore, we need not engage in judicial construction of the statute.
Venue is important because it can affect fundamental issues of justice and the convenience of the parties. Venue is defined as:
"1. The proper or a possible place for the trial of a lawsuit, usu. because the place has some connection with the events that have given rise to the lawsuit. 2. The county or other territory over which a trial court has jurisdiction. Cf. JURISDICTION. 3. Loosely, the place where a conference or meeting is being held. 4. In a pleading, the statement establishing the place for trial. 5. In an affidavit, the designation of the place where it was made."
Black's Law Dictionary 1553 (7th ed.1999).
Venue has been distinguished from jurisdiction.
"Venue must be carefully distinguished from jurisdiction. Jurisdiction deals with the power of a court to hear and dispose of a given case; in the federal system, it involves questions of a constitutional dimension concerning the basic division of judicial power among the states and between state and federal courts. Venue is of a distinctly lower level of importance; it is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources."
Jack H. Friedenthal et al., Civil Procedure § 2.1 (3d ed.1999) (footnote omitted).
In 1987, this Court agreed with the reasoning of the Maryland Court of Appeals in reaching its holding that a general statute governing venue as to corporations did not apply to public corporations:
"`The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the state to its municipal corporations, upon the ground that, if they are to be subjected to suit in any and every part of the state, such suits must inevitably hinder and delay the successful conduct of the functions of government.'"
Ex parte City of Birmingham, 507 So.2d 471, 473 (Ala.1987) (quoting Phillips v. Mayor of Baltimore, 110 Md. 431, 438, 72 A. 902, 905 (1909)). Before Ex parte City of Birmingham, supra, was decided, venue for actions against public corporations was determined by the statute dealing with venue of actions against private corporations, § 6-3-7. However, in Ex parte City of Birmingham, this Court held that § 6-3-7 did not apply to municipal corporations. (A few months later, the Legislature enacted a law that applied to counties and municipalities; that law is codified at § 6-3-11.) Instead of applying § 6-3-7, this Court followed this principle:
"We conclude that, to the extent that the cases regarding counties and state agencies and officers are analogous, they support the proposition that venue of suits against a governmental entity is at the situs of the entity unless a specific provision to the contrary applies.
"The general authorities on the subject state that actions against municipalities *782 are local actions and must be brought in the county where the municipal corporation is located. 17 McQuillin, Municipal Corporations § 49.15 (3d ed.1982); 64 C.J.S. Municipal Corporations § 2203 (1950); annot., 93 A.L.R. 500 (1934)."
507 So.2d at 474.
In Ex parte City of Birmingham, the City of Birmingham had petitioned the Blount Circuit Court for a change of venue to Jefferson County. The Blount Circuit Court denied the motion, and the City petitioned this Court for a writ of mandamus ordering the Blount Circuit Court to transfer the case to Jefferson County. The underlying action involved an attempt to have certain ordinances that annexed property in Blount County into the City of Birmingham declared invalid. This Court concluded that venue was improper in Blount County and ordered the case transferred.
"The general rule is that where a city occupies territory in two or more counties, it is subject to suit only in the county where the seat of government is located. Willis v. City of Corbin, 572 S.W.2d 610 (Ky.Ct.App.1978); Oklahoma City v. District Court, 429 P.2d 791 (Okla.1967); City of Grand Prairie v. State ex rel. Crouch, 266 S.W.2d 184 (Tex.Civ.App.1954); Arlington v. Calhoun, 148 Ga. 132, 95 S.E. 991 (1918); Fostoria v. Fox, 60 Ohio St. 340, 54 N.E. 370 (1899); 17 McQuillin, Municipal Corporations § 49.15 (3d ed.1982); annot., 93 A.L.R. 500 (1934). For the reasons stated in these authorities, we adopt the rule as stated."
507 So.2d at 475.
The City argues that the reasoning in Ex parte City of Birmingham is applicable in this case and that the use of the words "the county within which the municipality is located" in § 6-3-11 means that venue in an action against a municipality can be proper in only one county. We do not interpret the words "the county" in that fashion. The county is simply the location determined by the trial judge to be the appropriate venue for the action against the municipality. The statute does not limit the potential number of counties in which venue might be appropriate.
The purpose of a venue statute is to prevent inconvenience to the parties. The evidence in this case does not indicate that it is any more inconvenient to the City to travel to Marion County than to Winston County for the trial of this case. The purpose of the statute was not to limit venue to one county in a case where a municipality is located in more than one county. Its purpose was to prevent a municipality from being sued "in any and every part of the state," Ex parte City of Birmingham, 507 So.2d at 473, and to save witnesses and government officials from spending extensive time traveling. A trial in Marion County does not appear to create such inconveniences to the City and the witnesses in this case.
Without a statute to guide it, this Court in Ex parte City of Birmingham, supra, considered venue in a case involving a municipality to be appropriate only in the county where the seat of municipal government was located. However, now that we have a statute that applies to the venue of actions against municipalities, a court should determine the appropriate venue in those cases based solely on the wording of the statute. The opinion in Ex parte City of Birmingham, supra, does not create an ambiguity because the Court in that case was deciding a case without the benefit of § 6-3-11.
We now have a statute, and it does not define "the county within which the municipality is located" as being the location *783 of the seat of government of that municipality. Because the statute provides that venue is appropriate in "the county within which the municipality is located," if the municipality is physically located in two or more counties, venue is appropriate in all such counties. Nothing in the statute itself indicates that "the county within which the municipality is located," for purposes of the statute, is only where its seat of government is located. The words "seat of government" do not appear in the statute. We therefore conclude that when § 6-3-11 states that venue is proper in "the county within which the municipality is located," it is referring to the geographical location of the municipality and not simply the seat of government. The Legislature is free at any time to enact a statute that limits venue for actions against municipalities to the county in which the seat of municipal government is located; the present statute, however, does not contain such a limitation.
PETITION DENIED.
HOUSTON, JOHNSTONE, and STUART, JJ., concur.
WOODALL, J., concurs in the result.
SEE, LYONS, BROWN, and HARWOOD, JJ., dissent.
HARWOOD, Justice (dissenting).
I respectfully dissent. The main opinion acknowledges the declaration in Ex parte City of Birmingham, 507 So.2d 471, 475 (Ala.1987), that "the general rule is that where a city occupies territory in two or more counties, it is subject to suit only in the county where the seat of government is located." In Ex parte City of Birmingham, this Court noted that, at the time that case was decided, there was no specific venue statute for lawsuits against counties and municipalities. Section 6-3-11, Code of Alabama 1975, which now prescribes the venue for actions against counties or municipalities, was enacted by the Legislature as Act No. 87-391, Ala. Acts 1987, effective July 14, 1987; it provides that, as to a municipality, the venue shall be "in the county within which the municipality is located or in the county in which the act or omission complained of occurred." The main opinion states that "[w]ithout a statute to guide it, this Court in Ex parte City of Birmingham, supra, considered venue in a case involving a municipality to be appropriate only in the county where the seat of municipal government was located"; however, the opinion goes on to reason that "now that we have a statute that applies to the venue of actions against municipalities, a court should determine the appropriate venue in those cases based solely on the wording of the statute." 827 So.2d at 782. The main opinion further concludes that Ex parte City of Birmingham "does not create an ambiguity because the Court in that case was deciding a case without the benefit of § 6-3-11." 827 So.2d at 782. I would agree that the Legislature's enactment of § 6-3-11 only three months after Ex parte City of Birmingham was released on April 10, 1987, would suggest that the opinion in that case gave rise to the legislation. It seems to me, however, that § 6-3-11 was enacted simply to specify, in general, the venue for actions against counties and municipalities and that it did not undertake to address the subissue of venue for an action against a municipality that is located in two or more counties. To the extent that we can consider that it did, however, I am inclined to interpret the phrase "in the county within which the municipality is located" to refer to "the" county in the singular rather than to "any" county in which the municipality might be partially located. I see no inconsistency between the language of § 6-3-11 and "the general rule," stated in Ex parte City of Birmingham, *784 that where a city is located in two or more counties "it is subject to suit only in the county where the seat of government is located." 507 So.2d at 471. Five members of this Court concurred in that case. Chief Justice Torbert concurred specially, but specifically stated, "I agree that the weight of the authority holds that the situs of the municipality is where the seat of government is, notwithstanding the fact that the city is located in more than one county." 507 So.2d at 475. I agree with the main opinion that the convenience of the parties is the usual undercurrent in the shaping of a venue statute, but § 6-3-11 authorizes, as an alternative to the county where a municipality is located, that an action can be brought against a municipality "in the county in which the act or omission complained of occurred." If a city officer or employee has an automobile wreck while traveling in another county on official business, § 6-3-11 would allow suit to be brought against the city in the county in which the accident occurred, even if that county was very remote from the city's situs.
In the final analysis, it is my opinion that the "general rule" approved and adopted by this Court in Ex parte City of Birmingham, to the effect that a city occupying territory in two or more counties "is subject to suit only in the county where the seat of government is located," 507 So.2d at 471, was not abrogated by the enactment of § 6-3-11, and remains the rule that should control the outcome in this case. I would hold that the City of Haleyville was subject to suit only in Winston County, where its seat of government is located.
SEE, LYONS, and BROWN, JJ., concur.