PER CURIAM.
Stacey Annee Rose (“the mother”) filed a petition for a writ of mandamus seeking an order requiring the Etowah Circuit Court to dismiss a custody-modification petition filed by Dana Lome Rice (“the father”) or, in the alternative, to order the Etowah Circuit Court to transfer the father’s custody-modification petition to the Calhoun Circuit Court. We deny the mother’s petition.

Procedural History

The mother and the father were divorced by the Calhoun Circuit Court in June 2003. The divorce judgment incorporated an agreement of the parties, which provided that the parties were to have “joint and shared custody” of their child and that the parties were to alternate custodial periods with the child on a weekly basis. In January 2012, the father filed a petition to modify the divorce judgment in the Etowah Circuit Court seeking sole physical custody of the child. In his modification petition, the father alleged that he had lived in Etowah County since 1998, that the mother also maintained her legal residence in Etowah County, and that the child had resided in Etowah County since his birth in 2000. The father also alleged that the mother had begun working for a company in Atlanta, Georgia, and that she had leased a residence in Atlanta, where she had resided Monday through Thursday of each week since August 1, 2010. Finally, the father alleged that, since at least August 1, 2010, the child had resided with the father during the week and had visited with the mother on weekends and at other times mutually agreed upon by the parties.
On February 9, 2012, the mother filed a motion to dismiss or, in the alternative, to change venue as to the father’s petition to modify. In her motion, the mother argued that, because the parties’ divorce judgment did not designate either parent as the primary physical custodian, neither parent was a custodial parent for purposes of Ala.Code 1975, § 30-3-5, and, thus, neither parent could “change the venue of this action over the objection of the other.” The motion stated that she “objects to any transfer of venue from the Court which entered the original divorce judgment, to-wit: The Circuit Court of Calhoun County.”
The father responded to the mother’s motion. He stated in that response that the parties had chosen to file the divorce action in the Calhoun Circuit Court for “personal reasons.” He noted again that the parties and the child all resided in Etowah County, despite the mother’s part-time residence in Atlanta. He also stated that he was a custodial parent of the child. The father’s answer to the mother’s mandamus petition includes as an exhibit an affidavit executed by the father in January 2012, which states that the mother had a job in Atlanta, that the mother maintained a leased residence in Atlanta, that the mother regularly resided in Atlanta during the week, and that the child had lived with the father during the week and had visited with the mother primarily on the weekends since August 1, 2010.
*779 The trial court denied the mother’s motion to dismiss or, in the alternative, to change venue on February 15, 2012. The mother filed her petition for a writ of mandamus with this court on March 27, 2012. This court called for an answer from the father and briefs from the parties, and we held oral argument on July 10, 2012.

Standard of Review

“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).’
“Ex parte Children's Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).”
Ex parte Lugo de Vega, 65 So.3d 886, 891 (Ala.2010).

Analysis

The mother contends that this court should issue a writ of mandamus directing the Etowah Circuit Court to either dismiss the father’s petition or transfer the petition to the Calhoun Circuit Court. Both parties agree that § 30-3-5 provides the basis for determining the proper venue for the father’s custody-modification petition. Section 30-3-5 provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
Section 30-3-5 has been construed to permit a parent with sole physical custody, or “primary physical custody,” to choose venue as between the county in which the original divorce action was decided and the *780 county of residence of the custodial parent and the child or children, provided that the custodial parent and the child or children have resided the requisite period in their county of residence. Ex parte Hester, 682 So.2d 6, 7 (Ala.1996).
The precise question presented by this petition is whether § 30-3-5 permits either parent holding joint physical custody the right to choose venue or whether it permits neither parent holding joint physical custody that right. The mother contends that § 30-3-5 provides only a parent with sole physical custody the option to choose a venue other than the circuit court that entered the original divorce judgment. She contends that, because the parties were awarded equal physical custodial rights to the child and because neither party was designated as “the custodial parent” in their settlement agreement incorporated into their divorce judgment, neither party should be able to choose venue over the objection of the other party. During oral argument, counsel for the mother clarified her position that only § 30-3-5(1) applies in situations in which parties are awarded equal physical custodial rights. Therefore, she argues that the father’s custody-modification petition could be filed only in the Calhoun Circuit Court, i.e., “the original circuit court rendering the final decree.” § 30-3-5(1).
Conversely, the father contends that, because the parties were awarded equal physical custody, both parties qualify as “custodial parents” and either custodial parent is able to choose one of the two proper venues identified in § 30-3-5, provided that one of the custodial parents and the child have resided in a county other than the county where the original divorce judgment was entered for three consecutive years immediately preceding the filing of a modification petition. The father argues that, because both the mother and the father are custodial parents, his custody-modification petition could have been properly filed in either Calhoun County or Etowah County because he and the child have resided in Etowah County for three consecutive years immediately preceding the filing of the custody-modification petition. Under the father’s interpretation of § 30-3-5, because both parents are custodial parents with the right to determine the venue of a custody-modification petition, the parent who first files a modification petition may choose the venue.
To be sure, the settlement agreement incorporated into the parties’ divorce judgment created a “true” joint-custody arrangement; that is, the mother and the father have joint legal and joint physical custody of their child. See § 30-3-151(1), Ala.Code 1975 (defining “joint custody” as “joint legal custody and joint physical custody”).[1] Thus, neither parent is favored by the judgment in regard to custody and neither has only visitation with the child; each parent has specified custodial periods with the child. See Rehfeld v. Roth, 885 So.2d 791, 795 (Ala.Civ.App.2004) (noting that a joint custodial arrangement does not prefer one parent over the other but instead provides each parent with a period of custody). See also Morgan v. Morgan, 964 So.2d 24, 31 (Ala.Civ.App.2007) (“Ala *781 bama law ... recognizes that parents sharing joint legal custody ... have equal constitutional rights to the care, custody, and control of the child .... ”).
The mother cites our supreme court’s decision in Ex parte Hester, supra, as support for her argument that, because neither parent was designated as the “primary custodial parent” in their divorce judgment, neither parent is “the current custodial parent” for purposes of applying § 30-3-5(2). In Hester, a judgment of the Colbert Circuit Court awarded the mother and the father joint legal custody of their two children; the father was awarded primary physical custody of the parties’ son and the mother was awarded primary physical custody of the parties’ daughter. 682 So.2d at 6. The father and the son subsequently moved to Franklin County, and more than three years later the mother filed a petition to modify the parties’ divorce judgment in the Colbert Circuit Court, seeking custody of the son. Id. The father moved to have the modification petition transferred to the Franklin Circuit Court, and the Colbert Circuit Court denied the father’s request. Id. The father sought a petition for a writ of mandamus, and our supreme court held that the Colbert Circuit Court had no discretion to deny the father’s motion to transfer because the father had demonstrated that he had primary physical custody of the son, that he and the son had lived in Franklin County for over three years, and that the underlying action was a custody-modification proceeding that involved only the custody of the son. Id. at 7-8.
To the extent that the mother argues that Hester stands for the proposition that only a party designated as the “primary physical custodian” has the option to choose one of two proper venues pursuant to § 30-3-5, we disagree. We construe Hester as rejecting the mother’s argument that she, as a parent with joint legal custody of the son, “ha[d] as much right under § 30-3-5 as the father to choose venue.” The supreme court in Hester determined that physical custody, not legal custody, was to be considered when determining “the custodial parent” for purposes of applying § 30-3-5. We find the facts in Hester to be materially distinguishable from the facts in this case because the mother and the father in the present case have equal physical custodial rights, and the father in Hester was clearly identifiable as the party with greater physical custodial rights over the parties’ son.
Although neither party in the present case was designated with greater physical custodial rights to the child, we cannot conclude that the absence of such a designation necessitates a conclusion that only § 30-3-5(1) applies to actions to modify a joint-physical-custody arrangement. By enacting § 30-3-5, the legislature provided “the current custodial parent” two venue options in “all proceedings for petitions ... seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent ....” (Emphasis added.) Section 30-3-5 was enacted in 1984, and, at that time, joint or “split” custody was recognized in Alabama.[2] See Emmons v. Emmons, 450 So.2d 148 (Ala.Civ.App.1984) (awarding the parents joint custody of their child with alternating periods of physical custody ev *782 ery six weeks); Ezell v. Hammond, 447 So.2d 766 (Ala.Civ.App.1984) (modifying the judgment awarding the mother custody of the parties’ children so that the parents were awarded joint custody); Lightfoot v. Bylsma, 412 So.2d 813, 814 (Ala.Civ.App.1982) (recognizing that the modification judgment awarded the parents joint custody of the children); and Ashley v. Ashley, 383 So.2d 861, 862 (Ala.Civ.App.1980) (noting that the parties had been awarded joint custody of their children pursuant to a divorce judgment entered in 1978). The legislature could have specifically limited § 30-3-5 in a manner that would have supported the mother’s argument if it had desired for parties with equal physical custodial rights to have only one venue option in a modification action, i.e., the original circuit court rendering the final divorce judgment. However, the legislature did not place such a limitation on parents with joint physical custody, and this court will not impose such a limitation. Thus, we agree with the father that the parties’ designation as co-equal custodial parents made each party a “current custodial parent” with equal opportunity to choose the venue of a custody-modification proceeding.[3]
Such a conclusion is supported by law relating to the purpose of a venue statute, which, according to our supreme court, is “to prevent inconvenience to the parties.” Ex parte City of Haleyville, 827 So.2d 778, 782 (Ala.2002). As that court explained, “ ‘[v]enue ... is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources.’ ” Ex parte City of Haleyville, 827 So.2d at 781 (quoting Jack H. Friedenthal et al., Civil Procedure § 2.1 (3d ed.1999)).
“Venue is important because it can affect fundamental issues of justice and the convenience of the parties. Venue is defined as:
“T. The proper or a possible place for the trial of a lawsuit, usu. because the place has some connection with the events that have given rise to the lawsuit. 2. The county or other territory over which a trial court has jurisdiction. Cf. JURISDICTION. 3. Loosely, the place where a conference or meeting is being held. 4. In a pleading, the statement establishing the place for trial. 5. In an affidavit, the designation of the place where it was made.’ ”
Id. (quoting Black’s Law Dictionary 1553 (7th ed.1999)). Put another way, “ ‘[v]en-ue’ refers to the particular county or other subdivision in which, for the sake of convenience or other commanding policy considerations, the cause is to be heard or tried.” Pepperell Mfg. Co. v. Alabama Nat’l Bank of Montgomery, 261 Ala. 665, 667, 75 So.2d 665, 667 (1954).
Although the legislature did not expressly state the purpose for allowing venue to be proper in the county where the original divorce was entered or where the custodial parent and the child or children reside or state the reason for allowing the custodial *783 parent to choose venue in the act which has been codified as § 30-3-5, the general principles underlying venue give this court some assistance in determining the purpose and reasoning behind the statute. Because any venue statute is concerned with convenience of the parties and with determining the best use of judicial resources, and because venue is often based on the connection between the forum and the event giving rise to the action or the persons involved in it, it is not difficult to surmise that the decision to allow for venue in the county of residence of the custodial parent and child or children is partly based on the convenience to that parent and on the fact that the evidence and any witnesses concerning the child or children would be more readily available in that county. The likely basis for allowing the custodial parent to choose is similar — the custodial parent’s convenience. Permitting venue to remain in the court that originally handled the divorce action is also based on convenience and judicial economy, because that court would likely be more familiar with the parties and would have easy access to the earlier filings.
In the present ease, the attachments to the mother’s petition indisputably show that both custodial parents, i.e., the mother and the father, and the child live in Etowah County and that they have done so for a period far exceeding three years immediately preceding the father’s filing of the petition to modify custody in the Eto-wah Circuit Court. Moreover, we note that the parties were divorced by agreement, and there is no indication in the attachments to the mother’s petition that a trial was conducted in the Calhoun Circuit Court when the parties were divorced. Thus, the purposes of the venue statute would be furthered by allowing the father’s custody-modification action to proceed in Etowah County.[4] Furthermore, we fail to see how the purposes of a venue statute would be served if we were to conclude that, unless the parties agreed otherwise, parties with joint custody are confined to litigate future modification actions only in the circuit court that issued the original divorce judgment. Such a conclusion could conceivably result in the parties’ traveling from one end of the state to the other in order to modify their divorce judgment simply because they had been divorced in one county, such as De-Kalb County (located in the northeast corner of the state), and they and their child had moved to another county, such as Mobile County (located in the southwest corner of the state).
During oral argument, the mother’s attorney expressed concern that to conclude that the mother and the father are both custodial parents with equal rights to determine venue pursuant to § 30-3-5 would ultimately lead to the proverbial “race to the courthouse” because there could potentially be two proper venues and whichever party first filed a modification proceeding in the venue of their choice would be able to choose the venue for the modification actions of both parties. Although that scenario could conceivably occur, we note that there are not competing petitions to modify filed by the mother and the father in this case. The facts presented to this court at this time involve only one petition to modify in a forum that is proper pursuant to § 30-3-5.
*784 Based on the arguments presented by the mother, we cannot conclude that the mother has demonstrated “a clear and un-disputable right to the order sought.” Hester, 682 So.2d at 7 (citing Ex parte Smith, 619 So.2d 1374 (Ala.1993)) (emphasis added). Accordingly, the petition is denied.
PETITION DENIED.
PITTMAN, BRYAN, and MOORE, JJ„ concur.
THOMPSON, P.J., concurs in the result, without writing.
THOMAS, J., recuses herself.

. "Joint physical custody” is defined in § 30-3-151(3), which reads, in pertinent part: “[plhysical custody is shared by the parents in a way that assures the child frequent and substantial contact with each parent.” Joint legal custody is defined in § 30-3-151(2), which reads: "Both parents have equal rights and responsibilities for major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training. The court may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.”

. Section 30-3-5 was amended in 1990 “to provide further for venue with respect to petitions respecting any provision of a divorce decree relating to: awarding child custody, visitation rights, child support payments, and/or awards for child post-minority benefits.” Title, Act No. 90-666, Ala. Acts 1990. Before § 30-3-5 was amended in 1990, it did not provide for the modification of a divorce judgment in an action for postminority support.

. We reject the mother’s argument that such a conclusion allows the father to trump her desire to conduct the modification proceeding in Calhoun County despite the fact that she and the father have completely equal custodial rights. Either way this court decides to rule, the wishes of one parent with equal custodial rights will be "trumped.” We are simply concluding that the father, as the plaintiff in the modification action and the first party to file a petition to modify the divorce judgment, is able to choose between one of two proper venues pursuant to § 30-3-5. See Ex parte State ex rel. C.M., 828 So.2d 291, 294 (Ala.2002) ("When venue is proper in more than one county, the plaintiff may choose the county in which to file the action.”).

. As noted above, the attachments to the mother’s petition indicate that the parties chose to file for a divorce in Calhoun County for "personal reasons.” The record does not indicate what those "personal reasons” actually were, and the mother does not argue in her petition that Etowah County is an inappropriate forum for reasons relating to the "personal reasons” that caused the parties to file for a divorce in Calhoun County.